BLATE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. STREET RAILWAY—COLLISION—NEGLIGENCE.

One is not, as matter of law, guilty of contributory negligence, where there is evidence that at the time he started to cross a street he had reason to believe that he would be able to do so without colliding with an approaching car; that, on seeing the car, he increased his speed considerably; that, though he was in full sight, the speed of the car was not slackened, and that then only the tailboard of his wagon was struck.

2. PERSONAL INJURIES—TREATMENT—INSTRUCTIONS.

Where plaintiff's injury consisted of a rupture, and the physicians sworn for him admitted that an operation would probably result in a cure, but said that it was by no means certain, and stated that it would be dangerous to life, and defendant's expert said that such operation would almost certainly result in a cure, and that it was not really dangerous to life, though a few years ago it was considered dangerous, it is not error to charge that a person injured by an accident is bound to use the usual and reasonable remedies appropriate to cure the injury; that he cannot increase the damages by negligently permitting his condition to get worse than it would if properly treated; that one is not bound to submit himself to an operation which may; in the remotest degree, be attended with danger; that that is a matter which he must determine for himself, and if, through apprehension, or for any other cause, he determines that he will not submit himself to such an operation, the person causing the injury cannot complain thereof; but that, in determining the amount and permanency of the injury, the jury are to consider the testimony of the experts on the possibility of curing such an injury by operation, and the slight inconvenience which is said to result from such operation in most cases.

Appeal from trial term, New York county.

Action by Simon Blate against the Third Avenue Railroad Company. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Herbert R. Limburger, for appellant.
Sumner B. Stiles, for respondent.

INGRAHAM, J. The plaintiff, while attempting to cross Third avenue, in the city of New York, with a horse and wagon, came in collision with a car of the defendant's road coming down the avenue, and received serious injuries, to recover for which he brought this action. At the trial he had a verdict. A motion for a new trial was denied, and, after the entry of the judgment on the verdict, this appeal was brought by the defendant, both from the judgment and the order denying a new trial.

It is claimed by the defendant that upon the evidence the plaintiff was clearly guilty of contributory negligence. Just before the accident, plaintiff was proceeding up Third avenue, on the east side of the street. He was seated on a furniture wagon, which was about 25 feet long. When he reached a point between Eightieth and Eighty-First streets, he attempted to cross the avenue to a place on the other side, where he had some business, and as he was crossing the avenue a cable car coming from the north collided with

the wagon. The jury might have found from the evidence, although on this point the testimony was conflicting, that when the plaintiff attempted to cross the street he was proceeding at a slow trot; that at that time the cable car was north of the uptown crossing of Eighty-First street, and was coming south at the full speed of the cable. They might have found, also, that the plaintiff, upon seeing the car, whipped up his horse, and increased his speed considerably; and that, although the plaintiff was in plain sight, the car was not stopped, nor was its speed slackened in the slightest degree. There is no doubt but that both parties were in plain sight of each other. The evidence shows that, although the car continued at its original speed, the plaintiff was yet able to get so nearly across the track that the approaching car only struck the tailboard of his wagon, so that, if the speed of the car had been slackened, he would have succeeded in crossing without a collision. The jury might have found, also, that the plaintiff had reason to believe, when he started to cross the street, that he would be able to do so without colliding with the car. In view of all these facts, and of what is now established to be the reciprocal duty of a driver of a car towards one attempting to cross a street (Kennedy v. Railroad Co., 31 App. Div. 30, 52 N. Y. Supp. 551; Lawson v. Railway Co., 40 App. Div. 307, 57 N. Y. Supp. 997), there can be no doubt that the plaintiff was not guilty of contributory negligence as a matter of law, and that the jury were justified in concluding as a fact, not only that the plaintiff was not guilty of contributory negligence, but that the defendant failed in its duty towards him, and was guilty of negligence.

We have examined the defendant's exceptions taken to the rulings on the testimony, and are satisfied that there are no errors in them.

Great stress is laid to the charge of the learned trial justice on the question of damages. The facts were that, as a result of the collision, the plaintiff suffered a rupture in the groin, which caused him, as the jury have found, considerable inconvenience, and no little pain, and was, at the time of the trial, growing worse. It is quite evident that the damages which were given by the jury were based in a very considerable amount upon this rupture. The evidence of surgeons was given, not only as to the existence of the rupture as the result of this accident, but also as to the probability of its cure if the plaintiff would submit to a surgical operation. The defendant's expert testified that such an operation would almost certainly result in a cure; but the physicians sworn on behalf of the plaintiff, while admitting that such an operation would probably result in a cure, said that it was by no means certain. It was stated by the plaintiff's witnesses that such an operation would be dangerous to life, but the expert surgeon sworn on behalf of the defendant said it was not now really dangerous to life, although six or eight years ago it was considered a dangerous operation. In view of that condition of the evidence, the defendant insisted that it was the duty of the plaintiff to submit to an operation, which would be practically certain to result in a cure; and because he did not do so he was not entitled to recover damages for a permanent or con-

tinuing rupture. On that branch of the case the learned trial justice charged the jury:

"Something has been said to you regarding the possibility of the plaintiff having had a radical cure effected by submitting himself to a surgical operation. I charge you, upon that subject, that a person who has been injured by an accident of this kind is bound to use the usual and reasonable remedies which are appropriate to alleviate or cure such an accident as he has suffered. He is not permitted to increase and enhance the damages which he has suffered by negligently, or carelessly, or willfully permitting his condition to get worse than it would be if properly treated. At the same time no man is bound, for the purpose of reducing the amount of damages which he may be entitled to recover from a person who has done him wrong,—no man is bound to submit himself to a surgical operation which may, even in the remotest degree, be an operation attended with danger. That is a matter which he must determine for himself; and if he, through apprehension, or for any other cause, has determined that he will not submit himself to such an operation, the defendant is not entitled to take advantage of his failure to do so. At the same time you are to take into consideration, determining the amount of injury which this man has suffered, and the permanency of his injury, all the testimony that you have heard from the experts upon the subject of the possibility of curing a disease of this kind by a surgical operation, and the slight inconvenience which is said to result from such operation in most cases."

To this charge as, an entirety an exception was taken. Counsel for the defendant insists that the charge was erroneous, but he made no request to the court to modify it, or to charge more fully upon any proposition contained in it; so that, if the propositions charged are correct, defendant cannot complain that the court should have charged more fully in regard to them. The rule of damages in such cases is not at all doubtful. It is that the party who claims to have suffered damage by the tort of another party is bound to use reasonable and proper efforts to make the damage as small as practicable, and that he is not entitled to recover for any damage which, by the use of such efforts, might have been avoided, because they are not to be regarded as the natural result of the tort. Am. & Eng. Enc. Law (2d Ed.) 605. The question in every case is whether the plaintiff has used such means as were at hand to reduce his damages as a reasonably prudent man would have used. It cannot be said as a matter of law that he is bound to use any particular means, or to do any particular thing (unless that thing is one which would necessarily result in reducing the damage, and which a reasonable and prudent man would use). If, in any given case, it appears that the particular means which may be used to effect a cure would or might cause greater injury, or produce serious results, quite clearly the injured person would not be called upon as a matter of law to take the chances of suffering more serious injury, or death, for the purpose of reducing the damage. While the person who inflicts the damage has the right to say that sure and safe means to diminish the evil results of the accident, if any such exist, must be used, yet that is the extent of his right. Whether further means should be resorted to is for the plaintiff to determine. In making that determination the plaintiff has the right to consider the nature of the means used to effect a cure, and a possible or probable effect upon himself. He has to determine for himself whether

he is to resort to those means in view of those considerations. In any given case it may be that the treatment which is given to the plaintiff is not the best that could be devised, but the plaintiff is not the less entitled to his damages on that account if, in taking that treatment, he has consulted such a physician as a reasonably prudent man would consult. The jury, in getting at the damages, are to say not only what they are, but whether the means used by the plaintiff to reduce the damages were such as an ordinarily prudent man would use. They cannot say that he should or should not have taken the advice of any particular physician, nor that he should have obtained any particular kind of treatment. As to that he must himself be the judge. But when he has determined what treatment to take, it will yet be for the jury to say if, in making that determination, he used the means that a reasonably prudent man would take to cure himself of his injury. If he did, he is entitled to recover for his damages as they are presented to the jury. If he did not, and the jury can say that some other treatment would have brought about a cure, and that treatment was one that a reasonably prudent man would have submitted to, then they must say that he has not used the care which a reasonably prudent man would use to reduce the damages, and must take that into consideration in reaching their verdict. That is what was substantially said to them by the learned trial justice. The law lays down no hard and fast rule as to the duty of the plaintiff under such circumstances. Whether an operation for his ailment, which might endanger his life in any degree, must be submitted to, is a question which the law cannot answer; nor does it lie in the mouth of a jury to say that the plaintiff should or should not do any particular thing. They are concerned simply with the affairs presented to them at the trial, and whether the damages then appearing to exist are the natural and probable result of the injuries, diminished by the efforts for a cure which a reasonably prudent man would have made. This is substantially what was said by the learned trial justice, and with this statement of the law we are content. If the jury concluded— as they might—that the serious injuries which the plaintiff received were the natural and probable result of this injury tested by these rules, they were quite justified in giving him a verdict for the amount which they did, and the damages were not excessive.

The judgment and order must therefore be affirmed, with costs. All concur.