## Chesapeake & Ohio Railway Company v. Honley.

(Decided October 22, 1913).

### Appeal from Lawrence Circuit Court.

1. Carriers—Platform.—Where a carrier erects a platform at a country station, it is its duty to keep and maintain it in a reasonably safe condition for passengers getting on and off trains at that point.

2. Carriers—Platform—Peremptory Instruction.—Whether or not an unlighted and unguarded platform, maintained at a country station where the business was but slight, was reasonably safe for the use of passengers after dark was a question for the jury.

3. Carriers—Platform—Instruction.—Where there is evidence tending to show that an unguarded platform, one side of which is five or six feet from the ground, is not reasonably safe for passengers, it is not error to authorize a recovery by one falling from the platform based on the faliure of the defendant to maintain a light at the station, if the jury believe from the evidence that a light is necessary in order to make the platform reasonably safe for passengers.

4. Damages—Excessive—Evidence.—In an action against a railroad company for personal injuries, evidence examined, and held that a verdict of $576 was not excessive.

WORTHINGTON, COCHRAN & BROWNING, M. C. KIRK and F. T. D. WALLACE for appellant.

CAIN & THOMPSON and GARRED & GARRED for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

In this action for damages for personal injuries, plaintiff, Silas Honley, recovered a verdict and judgment against the defendant, Chesapeake & Ohio Railway Company, for the sum of $566. The railroad company appeals.

On the line of defendant's railway in Lawrence County is a country station known as Kise, located in a thinly settled part of the county. A few months prior to December 29, 1910, the defendant erected a platform at that point for the convenience of passengers. The platform is about 200 feet long and nine feet wide. About midway of the platform there is a shed to protect passengers from the rain or inclement weather. Near the track the platform is about even with the track. The back of the platform is five or six feet from the ground. There are no rails or guards around the outer edge of the platform to prevent persons from falling over. On December 29, 1910, plaintiff purchased at Louisa, Kentucky, a ticket to Kise. When the train reached Kise it was dark and had been raining. No light of any kind was maintained at the station. When the train reached the station plaintiff alighted. Soon after the train left plaintiff walked off the outer edge of the platform and was injured. It further appears that no agent was maintained at the point in question, but that there was a man in that community who sold tickets on commission. At the outer edge of the platform was another track where freight cars were placed for the purpose of loading and unloading on and off the platform. Plaintiff had seen the platform before he was injured.

Defendant insists that the character of depot facilities which a railroad company must provide must of necessity vary with the amount of business done, and that it is unreasonable to impose upon the carrier the duty of providing at a country station in a thinly settled community, where but little business is done, the same accommodations that are required in cities and towns. It is, therefore, argued that persons using the platform at a country station such as the one in question must anticipate that the railroad cannot, in the nature of things, provide the safeguards ordinarily found in more populous communities, and must govern themselves accordingly. Defendant, therefore, contends that, taking into

consideration the character of the station and the amount of business done, the platform which it constructed there was reasonably safe for passengers getting on and off the trains, and that the court erred in failing to direct a verdict in favor of the defendant. It must be remembered, however, that in the present case the company erected the platform. It was its duty to keep and maintain it in a reasonably safe condition for passengers getting on and off its trains at that point. Defendant's train stopped at the station in question after dark for the purpose of receiving and discharging passengers. The platform was only nine feet wide, and its outer edge was five or six feet from the ground. We cannot say as a matter of law that an unlighted platform which is used after dark for the accommodation of passengers, one side of which is five or six feet from the ground, and which is not protected by guard rails, or in any other manner, is reasonably safe, even if the station is located in a thinly populated part of the county, and the amount of business done at that point is very little. The question was for the jury.

But it is earnestly insisted that the trial court erred in instructing the jury. The instruction complained of is as follows:

"It was the duty of the defendant company, in the maintenance of the platform in question, to make the same reasonably safe to prevent injury to its passengers getting on and off at said station; and, if the jury believe from the evidence that to make same reasonably safe it was necessary to erect and maintain a railing on said platform at the place plaintiff was injured, if he was injured, or to have maintained a light at the said station at the time he was injured, if he was injured, and further believe from the evidence that the defendant negligently failed to erect and maintain such railing or light, and that as a direct result of such failure, if any there was, plaintiff, while exercising ordinary care for his own safety, was thereby injured, they will find for the plaintiff; and unless they so believe they will find for the defendant."

The basis of the complaint is that it imposed on defendant the duty of lighting the station in question when it was practically impossible to maintain a light at that point. It must be remembered, however, that the platform in question was both unguarded and unlighted. Had it been guarded, then doubtless no light would have

been required. On the other hand, if it had not been suf-ficiently lighted, guard rails would have been neces-sary. While ordinarily it may not be the duty of a rail-road company to maintain a light at a station such as this after the arrival and departure of trains, yet where the evidence shows that the platform provided is of such character as not to be reasonably safe unless lighted, whether or not a light should be maintained in order to make the platform reasonably safe is, under the circum-stances, properly a question for the jury.

The evidence shows that plaintiff's left knee, his right breast and right eye were injured, and that he suffered therefrom for several months. While it is true that his injuries are not very severe, we cannot say that a verdict of $576 is so excessive as to strike us at first blush as being the result of prejudice or passion.

Judgment affirmed.