## Louisville & Nashville Railroad Company v. Baker.

(Decided March 27, 1914.)

### Appeal from Oldham Circuit Court.

1. Carriers—Passengers—Personal Injuries—Damages.—A verdict of $1,500 for injuries received by a passenger who was struck on the knee by a mail bag thrown from a passenger train, held not so excessive as to warrant the court in disturbing it on the ground that it indicated passion or prejudice.

2. Carriers—Passengers—Personal Injuries—Care Required and Liability of Carrier in General.—Where plaintiff was injured by being struck by a mail bag thrown from a passenger train as it was being drawn into the station, plaintiff being there for the purpose of boarding the same train from which the mail bag was thrown, it would seem that he was entitled to have exercised in his behalf the same high degree of care as is owed by the carrier to passengers while actually engaged in alighting from or boarding trains or while in transit thereon. At least, under the facts proven, an instruction to that effect was not prejudicial.

3. Trial—Argument of Counsel—Scope and Effect of Opening Statement.—Where in an action for injuries received by a passenger by being struck by a mail bag thrown from a passenger train which the passenger was about to board, his attorney in the opening statement said to the jury that plaintiff had received a letter from the chief law agent of defendant company in which it was said that plaintiff was a passenger upon one of defendant company's trains and was injured by some heavy substance being thrown therefrom, and when the letter was offered in evidence, the court sustained objection to its introduction; held, that in view of the fact that there was no serious denial of the fact that plaintiff was struck by the mail bag, the statement of counsel was not prejudicial although improper.

BENJAMIN D. WARFIELD, D. H. FRENCH and CHARLES CARROLL for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Joseph Baker recovered against the Louisville & Nashville Railroad Company, in the Oldham Circuit Court, a verdict and judgment for fifteen hundred dollars, for personal injuries received by him as a result of being struck by a mail bag thrown from one of said company's trains by the baggageman, a servant of said company, while said Baker was standing upon the plat-

form at the depot at Taylorsville, preparatory to board-ing the train, having purchased a ticket to Bloomfield

The company appeals, insisting that the damages are excessive; that counsel for plaintiff was guilty of such misconduct upon the trial as to prejudice its substantial rights; and that the court erred in giving and in refus-ing to give certain instructions.

1. The proof as to the extent of the injuries sustained by appellee, was substantially as follows. He testified that he was struck by the mail bag on the knee, the blow knocking him back but that he was saved from falling by a person standing near; that he boarded the train with assistance, and went to Bloomfield, his destination. At a hotel there, his knee was paining him so much that he was compelled to apply cold bandages to it during the entire night and to bathe the knee with liniment. He con-tinued working (his occupation being that of traveling salesman) but was compelled to transact his business from a buggy which he used in going about. On the fol-lowing Sunday, at Lagrange his home, he consulted Dr. Blaydes and Dr. Patterson; and the latter bandaged the leg with adhesive plaster. The accident happened on February 20, 1913, but at the date of trial, May 29, 1913, appellee was still compelled to continue the use of adhes-ive plaster. He further testified that while he had only lost one week from his work, he was only able to get re-lief from his pain by the use of opiates.

Dr. Blaydes testified that in his opinion the use of the knee joint might be affected permanently to some ex-tent; that there was a possibility of permanent stiffness of that joint. Dr. Connell testified that appellee's in-juries would possibly finally result in a chronic stiffness of the knee joint.

For defendant company, Dr. Sherrill testified that upon his first examination of appellee on April 26th, he found inflammation and water on the knee, but that he did not believe the knee to be permanently injured; that the swelling then present he considered due in part to the tightness of the bandage used. Dr. Cassady testified that in his opinion appellee's injuries were not perma-nent, and that appellee ought to be thoroughly restored in two or three months from the time of the trial. He also stated that part of the swollen condition of the knee, he attributed to the tightness of the bandage used.

However, the extent of the injuries sustained by appellee and their probable permanency, as well as the degree and amount of the suffering endured by him, were all questions for the jury. If the injury is permanent and results in permanent stiffness of the knee, the verdict might be considered small, while if the injury is not permanent, the verdict might be considered excessive, and under the evidence, we cannot say that the amount fixed by the jury is so large as to produce an irresistible inference that the verdict was found through passion or prejudice.

2. Appellant company also complains of misconduct upon the part of appellee's counsel. The record discloses that in the opening statement by said counsel, he said that plaintiff had received a letter from the Chief Law Agent of the defendant company, in which it was said that plaintiff was a passenger upon one of its trains and was injured by some heavy substance thrown upon him. Counsel for defendant company moved the court to exclude this statement from the consideration of the jury, and the motion was overruled, the court directing counsel for plaintiff to proceed with the statement.

Plaintiff offered this letter in evidence, and defendant objected to the admission of same, whereupon the court sustained the objection. The letter offered reads as follows:

Louisville, Ky., May 5, 1913.

Mr. Joseph Baker,
        Lagrange, Ky.

Dear Sir:

Referring to the matter of personal injury sustained by you at Taylorsville, Ky., sometime ago while you were a passenger on one of our trains. Will you kindly advise me where a representative of this department can have an interview with you?

Yours very truly,
        J. J. Donohue, Chief Law Agent.

The letter was written upon the letter-heads of the defendant company.

Appellant insists that its substantial rights were seriously prejudiced by the statement made by plaintiff's counsel. In making the statement, the attorney was not authorized by the law nor sustained by the facts, as appellant contends, but there was no serious denial of the fact that plaintiff was struck by the mail bag, nor is

there any question as to plaintiff's right to recover; and while the court should have excluded the statement from the jury, we cannot believe that his failure to do so under the facts proven was prejudicial.

3. Appellant company also insists that the court erred in refusing to give to the jury the following instruction offered by it: "The court instructs the jury that if they believe from the evidence that plaintiff was injured at the time and place in the petition mentioned, then it was his duty to use such reasonable and necessary means as he could to mitigate such injury, if any, and effect a cure. And, if he was advised by a physician whom he consulted, what steps to take to mitigate said injury, if any, and effect a cure, then it was his duty to follow said advice, and if he failed to do so, he cannot recover for any aggravation of his injury or duration of its period, occasioned by his failure to do as above stated."

In lieu of the instruction offered, the court on its own motion, gave the following:

"The court instructs the jury that if they believe from the evidence that the plaintiff was injured at the time and place mentioned in the petition, it was his duty to use such reasonable means as he could in the exercise of ordinary care, to mitigate said injury and effect a cure, and if he negligently failed to do so, he cannot recover for any aggravation of his injury as a direct result of his failure to reasonably care for said injury, if any."

The only practical difference between the instruction offered and the one given is that the one offered undertakes to say that ordinary care is the following of such advice as was given appellee by a physician whom he consulted.

The court is of the opinion that appellee was not absolutely required to take such steps as the physician advised, in order to exercise ordinary care; under the circumstances it was for the jury to determine whether he exercised ordinary care.

4. Finally, it is contended that the court erred in instructing the jury that it was the duty of defendant company to exercise the highest degree of care consistent with the prudent operation of trains, for plaintiff's safety. Appellant company claims that the measure of its duty to appellee at the time he was injured, was the exercise of ordinary care only.

In respect of stational arrangements, it is the duty of the carrier to maintain the premises in a reasonably safe condition for passengers and others who have a right to be on such premises. L. & N. v. Hobbs, 155 Ky., 130, 159 S. W., 682; C. & O. v. Honley, 155 Ky., 447, 159 S. W., 1147. But, when the passenger is engaged in boarding or alighting from a train, or is in transit thereon, the carrier owes to him the exercise of the highest degree of care. L. & N. v. Smith, 13 R., 974.

However, in the present case, no unsafe condition of the premises is involved; nor was the passenger in transit upon, or engaged in alighting from or boarding a train. He was injured while approaching a train which was being drawn into the station, and which train he proposed to board; and his injuries were caused by a mail bag thrown from that train.

We have been directed to no authorities in point, but upon reason and principle, passengers who, while the train is being drawn into the station for the purpose of affording them an opportunity to board it, are in a place where persons usually get on or off the train, should be entitled to the same degree of care, as those actually engaged in boarding it or in alighting therefrom, or in transit thereon, in so far as the actual operation of the train itself is concerned, as distinguished from failure to maintain the premises in a reasonably safe condition.

However, in the case at bar, negligence was clearly proven. In fact, the circumstances are such as practically to create a presumption of negligence. Appellant company made but little or no effort to show any state of facts exonerating it from the charge of negligence, and there was no proof of contributory neglect upon the part of appellee. The court, under the evidence, would have been justified in directing the jury to find a verdict for plaintiff. And, should it be conceded that appellant company owed to appellee, at the time he was injured, the duty of exercising only ordinary care, the instruction complained of was not prejudicial.

Judgment affirmed.