[Civ. No. 21345.   Second Dist., Div. Two.   Mar. 21, 1956.]

KENNETH L. BURKETT et al., Respondents, v. DENTAL PERFECTION COMPANY (a Corporation) et al., Appellants.

Louis Ballenger, Donovan W. Ballenger and Lawrence William Steinberg for Appellants.

Hasbrouck & Melby for Respondents.

ASHBURN, J.—Plaintiffs conduct a commercial laboratory designing and constructing dental appliances, their only customers being dentists. In March, 1950, they purchased from defendant Dental Perfection Company a certain new material (a compound) for use in fabricating dentures (known as D-P resin), and leased from it a machine (known as D-P Injecto Press), both to be used for the manufacture of dentures by an injection process. Defendant Stanley E. Noyes was presi-

dent of defendant corporation and made the deal with plaintiffs. In doing so he made certain representations as to the compound and the press which proved to be unfounded. Plaintiffs sued him and the corporation for damages. The complaint is in seven counts; four sound in fraud, two in breach of warranty and one in negligence. Pursuant to jury verdict for plaintiffs judgment for $10,670 was entered and defendants appeal therefrom.

Counsel for appellants, recognizing substantial conflicts in the evidence, confine themselves to claims of error in giving and refusing certain instructions.

It is contended that the measure of damages for breach of warranty is more restricted than that applicable to fraud and negligence actions, and that the court erred in giving instructions which failed to explain that difference to the jurors. Counsel rely upon *Rutherford* v. *Standard Eng. Corp.*, 88 Cal.App.2d 554, 568 [199 P.2d 354], wherein it was held that there is a substantial difference between the measure of damages for fraud and that applying to breach of warranty; that the jury should be instructed upon the distinction between the two.

The instruction which is specifically attacked at bar is number 171, reading as follows: "If, adhering to the court's instructions, you should find that plaintiffs are entitled to a verdict against a defendant, it then will be your duty to award plaintiffs such amount of damages as will compensate them reasonably for all detriment suffered by them and of which defendant's fraudulent misrepresentations, breach of warranty or negligence, as found by you, was a proximate cause—whether such detriment could have been anticipated or not, but in this contention you are reminded that there can be no recovery against defendant Stanley E. Noyes by reason of any breach of warranty. Should your decision be to award damages to the plaintiffs, in arriving at the amount of the award, you shall determine each of the items of claimed detriment which I now am about to mention, provided that you find it to have been suffered by them and as a proximate result of defendant's fraudulent misrepresentation, breach of warranty or negligence." It is unnecessary to inquire whether error lurks in this instruction for, as respondents point out, it contains a caution which renders the error innocuous, if one there be. Reference is made to this phrase: "but in this connection you are reminded that there can be no recovery against defendant Stanley E. Noyes by reason of

any breach of warranty.'' The some proposition is stated twice in another instruction: ''A buyer can recover for breach of warranty from the seller but not from the seller's agent even if the warranty is given by the agent. . . . Any recovery in this action for breach of warranty may be had from defendant Dental Perfection Company only—not from defendant Stanley E. Noyes. Any recovery for any fraudulent misrepresentations made by defendant Stanley E. Noyes or for any negligence of defendant Stanley E. Noyes must be against both defendants, but any recovery for any fraudulent misrepresentation or negligence, respectively, chargeable to defendant Dental Perfection Company may be had only against that defendant if the defendant Stanley E. Noyes did not make fraudulent misrepresentations or was not guilty of any negligence, as the case may be.'' Because the verdict ran against both defendants the respondents argue correctly that this shows the jurors to have based their verdict upon fraud or negligence, not breach of warranty, and hence that no error in the instruction under attack could be prejudicial.

Respondents rely upon *Hume* v. *Fresno Irr. Dist.*, 21 Cal. App.2d 348, 356 [69 P.2d 483], wherein it is said: ''The rule is settled in this state that where several issues in a cause are tried and submitted to a jury for its determination, a general verdict may not be disturbed for uncertainty, if one issue is sustained by the evidence and is unaffected by error. [Citing cases.] When a situation of this character is presented it is a matter of no importance that the evidence may have been insufficient to sustain a verdict in favor of the successful party on the other issues or that reversible errors were committed with regard to such issues. (*Big Three Min. & Mill. Co.* v. *Hamilton,* 157 Cal. 130, 141 [107 P. 301, 137 Am.St.Rep. 118].)''

*Nunneley* v. *Edgar Hotel,* 36 Cal.2d 493 [225 P.2d 497] is in point. This was a personal injury action in two counts, one based on general negligence and the other upon violation of a safety statute. Plaintiff sued Gladys P. Brickel, the owner of the hotel, and her husband Charles F. Brickel, who was its manager. Both were charged with general negligence. In a second count both defendants were charged with negligence growing out of violation of a safety statute. The jury found against both defendants and made no reference to the different causes of action. The court held that the statute on which plaintiff relied was not applicable and that the

court erred in instructing that a violation of the statute would render the owner Gladys P. Brickel guilty of negligence; but that the error was not prejudicial because the evidence of general negligence was sufficient to establish the liability of both defendants. At pages 500-501, the court said: "The instructions make no distinction between the two counts of the complaint. . . . For this reason, the Brickels contend that, although the jury found against both the owner and the manager of the hotel, there is no way of determining whether responsibility was laid upon each of them because of general negligence, or violation of the statute.

"However, the instructions relating to the provisions of the Health and Safety Code referred only to the conduct of Gladys Peterson Brickel. It must be assumed that the jury understood the instructions and correctly applied them to the evidence. [Citing cases.] It follows that the verdict against Charles F. Brickel, the manager of the hotel, was based upon the evidence relating to general negligence. There is no contention that the evidence in that regard is insufficient to support a verdict against either of the Brickels. . . .

"The evidence of general negligence is also sufficient to establish the liability of Gladys Peterson Brickel, as the owner of the property. Otherwise stated, the jury could have found Mrs. Brickel liable for the injuries sustained by Miss Nunneley upon the cause of action for general negligence, the evidence as to that charge being applicable to her conduct as well as to that of her husband. Under these circumstances, the giving of Instructions 15 and 30 did not result in a miscarriage of justice. (Cal. Const., art. VI, § 4½.)"

For another reason the verdict herein is sustainable only upon grounds other than breach of warranty. Civil Code, section 1769, provides: "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." ■ The complaint contains no allegation and the transcript discloses no proof concerning a notice such as that specified in the second sentence of the section. This is fatal to an action for breach of warranty. (*Vogel* v. *Thrifty Drug Co.*, 43 Cal.2d 184, 187

[272 P.2d 1].) ██ The defect is such that it is cognizable on appeal though raised there for the first time. (*Van Buskirk* v. *Kuhns*, 164 Cal. 472, 476 [129 P. 587, Ann.Cas. 1914B 932, 44 L.R.A.N.S. 710]; *Jakobsen* v. *Peratis*, 213 Cal. 671, 672 [3 P.2d 305]; 21 Cal.Jur., § 186, p. 268. ██ There being no possibility of a recovery in this action for breach of warranty, any errors in instructions on that subject could be prejudicial only if they have a tendency to increase the award beyond that permissible under the other causes of action. Appellants' argument is that fraud and negligence carry more liberal admeasurements and this in turn argues no prejudice from the warranty instructions.

██ Aside from the foregoing considerations, the refusal of the instructions which appellants discuss could not be error. One of them is as follows: "You are instructed that if you find as a matter of fact that the plaintiff Mr. Burkett gained complete knowledge of the quality and serviceability of the Dental Perfection Company products, that then Mr. Burkett could rely on his own knowledge and there would be no warranty, either implied or expressed." No reference is made to time of discovery, but, as there is no evidence suggesting that it occurred before the lease of the press and purchase of the compound, the jurors must have understood it as referring to knowledge gained after delivery of same. The argument in appellants' brief shows that this was the intent of the instruction. Their counsel discuss the request as one calling for minimizing of damages on plaintiffs' part. It makes no reference to that subject whatever. Intrinsically it is erroneous because it states that knowledge of breach of warranty precludes reliance upon the warranty. The first sentence of section 1769, Civil Code, is again quoted: "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale." Acceptance is defined in section 1768, Civil Code: "The buyer is deemed to have accepted the goods when he intimates to the seller that he has accepted them, or when the goods have been delivered to him, and he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." The instruction is opposed to the statute, whose purpose is dis-

closed by the discussion in *Franck* v. *J. J. Sugarman-Rudolph Co.*, 40 Cal.2d 81, 87 [251 P.2d 949]. It is there said: ''The first sentence of section 1769 of the Civil Code, *supra*, states that in the absence of agreement the acceptance of the goods does not discharge the seller from breach of promise or warranty, but the second sentence requires notice by the buyer of a claimed breach in a reasonable time to preserve his rights. The purpose of the two sentences was to 'ameliorate the harshness of the common law rule in some states that the mere acceptance by or passage of title to the buyer of the goods constituted a waiver of any and all remedies for breach of warranty, and at the same time to give the seller some protection against stale claims by requiring notice. (See discussion, Williston on Contracts [rev. ed.], § 714.)' (*Whitfield* v. *Jessup*, 31 Cal.2d 826, 828 [193 P.2d 1].) Apparently the rule was, before the uniform act, as to the sale of personal property generally that an acceptance of the goods by the buyer, knowing of the breach of warranty, constituted a waiver by him of a claim for damages for the breach, at least unless he gave notice of his complaint within a reasonable time.'' There was no error in refusing this instruction, which harks back to the rule antedating the adoption of the uniform act.

Complaint is made of refusal of the following instruction which does relate to diminution of damages: ''You are instructed that if you find that the plaintiff, at any time during the time he was using Dental Perfection materials or machine found out and had knowledge that the dentures did not or were not working out satisfactorily, that he no longer could rely on any warranties made by the defendant company and that he was under a duty to cease the use of the material and machine as soon as he had knowledge that they were not performing properly and that he was being injured, and that any use he made of said materials or machine after this knowledge is not chargeable to the defendant, even if you find there is a warranty for the period before this knowledge was acquired.'' It was properly rejected. In the first place, its last phrase reflects the same mistaken failure to recognize the provisions of section 1769, Civil Code, as is found in the instruction just discussed. But this request also is erroneous in its statement that ''he was under a duty to cease the use of the material and machine as soon as he had knowledge that they were not performing properly and that he was being injured.'' Also, ''that any use he made of said materials or machine after this knowledge is not

chargeable to the defendant." In both of these respects the requested instruction undertakes to assert as matter of law that upon discovery of breach of warranty plaintiffs must immediately cease use of the press and the compound as a means of mitigating their own damages. The question of what should be done to accomplish that end is one of fact for the jury. (*Dodds* v. *Stellar*, 77 Cal.App.2d 411, 421-423 [175 P.2d 607]; *Danelian* v. *McLoney*, 124 Cal.App.2d 435, 443 [268 P.2d 775]; *Christiansen* v. *Hollings*, 44 Cal.App.2d 332, 346 [112 P.2d 723].) ▮ It is error to instruct that a specific line of conduct is required of the injured party in order to minimize his damages. (17 C.J. § 379, p. 1074; 25 C.J.S. § 184, p. 878; *O'Donnell* v. *Rhode Island Co.*, 28 R.I. 245 [66 A. 578]; *Southern Ry. Co.* v. *Cunningham*, 123 Ga. 90 [50 S.E. 979, 982]; *Louisville & N. R. Co.* v. *Baker*, 158 Ky. 224 [164 S.W. 799, 801]; *Blate* v. *Third Ave. R. Co.*, 44 App.Div. 163 [60 N.Y.S. 732, 734].) This is true unless there is but one permissible procedure recognized by the law in the given circumstances. That is not the situation at bar. Respondents argue with plausibility, and with support in the record, that defendants encouraged continued use of their machine and materials. Plaintiffs received their first complaints from customers in October or November, 1950. Defendants' manager testified that he received a complaint from plaintiffs on October 24, 1950; he thereupon advised them on November 3, 1950, to raise the temperature in the machine from 470 to 485 degrees; on January 25, 1951, he suggested to plaintiffs "that the dentures be normalized in water before they were delivered to the doctor." Plaintiffs discontinued the use of the machine and material in March, 1951. Appellants' opening brief says: "Throughout the testimony of Mr. Lockridge [said manager] we find corrections and suggestions had been given by him to attempt to keep Mr. Burkett from incorrectly using the machine." This situation presents a question of fact and not one of law as to when, if at all, plaintiffs should have ceased the use of defendants' material and press. There was no error in refusing the instruction last quoted.

It is further argued that the jurors were not instructed that the burden of proof of the amount of damages rested upon plaintiffs. Specific reference is made to an instruction which, so far as fraud and negligence are concerned, told the jury: "As to the phase of this case relating to fraudulent misrepresentation, the burden is upon the plaintiff to prove

by a preponderance of the evidence that a defendant made fraudulent misrepresentations or a fraudulent misrepresentation, that plaintiffs relied thereon and were damaged as a proximate result thereof. . . . As to the phase of this case relating to negligence, the burden is upon the plaintiffs to prove by a preponderance of the evidence that a defendant was negligent and that such negligence was a proximate cause of injury to the plaintiffs, and under that phase of this case to establish the defense of contributory negligence, the burden is upon the defendants to prove by a preponderance of evidence that a plaintiff was negligent and that such negligence contributed in some degree as a proximate cause of the injury." In three other instructions the jurors were told that damage is an element of a cause of action for fraud and deceit. Instruction 21-A says: "Whenever in these instructions I state that the burden, or the burden of proof, rests upon a certain party to prove a certain allegation made by him, *or the affirmative of an issue asserted by him,* the meaning of such an instruction is this: that unless the truth of that allegation *or the affirmative of that issue* is proved by a preponderance of the evidence, you shall find the *allegation* to be not true *and find against the party on that issue. . . .*" And instruction 21: "Should the conflicting evidence be evenly balanced in your minds, so that you are unable to say that the evidence on either side of the issue preponderates, then your finding *on that issue* must be against the party carrying the burden of proof, namely, the one who asserts the affirmative of the issue." ▮ Unquestionably the instructions upon the burden of proof were proper as far as they went. If defendants wanted a more specific statement to the effect that plaintiffs had the burden of proving the amount of damage, they had only to request one and it undoubtedly would have been given; this they did not do. Having failed to make such a request for more specific instructions, they cannot be heard to complain of the generality of those which they now attack. (24 Cal.Jur. § 74, p. 796; *Townsend* v. *Butterfield,* 168 Cal. 564, 569 [143 P. 760] ; *Tabata* v. *Murane,* 24 Cal.2d 221, 228 [148 P.2d 605].)

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.