(February 9, 1976)

■ MICHAEL BAKER, Respondent, v KENNETH P. HLAVACHEK et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Nassau County, entered April 3, 1975, in favor of plaintiff, upon a jury verdict. Judgment affirmed, with costs. Upon our review of the record, and in light of the rule set forth in *Pfaffenbach v White Plains Express Corp.* (17 NY2d 132), we conclude that this case was properly submitted to the jury and that the evidence supported a finding of negligence on the part of the defendant driver. At the trial and on the authority of *Spier v Barker* (35 NY2d 444), defendants were permitted to call, as an expert witness, a consultant in automobile safety matters, who testified that, had the plaintiff's lap belt been fastened at the time of the accident, plaintiff would not have sustained the injuries he actually suffered. On cross-examination, and over objection, plaintiff's counsel was permitted to question the expert concerning injuries which plaintiff might have suffered had he been wearing a lap belt. The

expert testified that other injuries might have been sustained even had plaintiff been wearing the belt. In summation, defendants' counsel argued that plaintiff would not have sustained the injuries claimed had he worn the lap belt; plaintiff's counsel argued, again over objection, that the jury had the right to consider that plaintiff's injuries might have been worse had he worn the belt. On this appeal, defendants contend that plaintiff's cross-examination and summation constitute reversible error which the trial court did not cure in its charge to the jury. Under the circumstances of this case we find no reversible error in the trial court's rulings on defendants' objections. Nothing in the Court of Appeals' opinion in *Spier v Barker (supra)* compels a different conclusion. Moreover, we note that the trial court properly instructed the jury on the evaluation of the testimony of expert witnesses. Finally, we do not find the award of damages to be shocking or grossly disproportionate to the injuries suffered. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.