■ EDWARDO URIBE, as Administrator of the Estate of MERCEDES URIBE, Deceased, Appellant, et al., Plaintiffs, v ARMSTRONG RUBBER & TIRE CO., INC., Respondent, et al., Defendants. EDWARDO URIBE, as Administrator of the Estate of MERCEDES URIBE, Deceased, et al., Respondents, v ARMSTRONG RUBBER & TIRE CO., INC., Appellant, and LUIS A. URIBE, Respondent, et al., Defendant.—Interlocutory judgment of the Supreme Court, New York County, entered August 15, 1975 after a jury trial granting judgment of liability only to plaintiffs against defendant Armstrong Rubber & Tire Co., Inc., on causes of action for breach of warranty and in negligence based on improper warning, unanimously affirmed, without costs and without disbursements. Judgment of the Supreme Court, New York County, entered September 29, 1975 after a jury trial on the issue of damages awarding to plaintiff administrator $22,500 for the wrongful death of his decedent wife, being $150,000 reduced by 85%, the percentage of the death award attributed to decedent's failure to wear an available seat belt, unanimously affirmed, without costs and without disbursements. Plaintiff bought two Armstrong tires for a Florida trip. One of the tires exploded on the trip. The case was properly submitted to the jury which found by verdict in favor of plaintiff on breach of implied warranty and on the claim of negligence for failure to warn, and in favor of the defendant on the issue of negligence arising out of manufacture and design. Armstrong contends that: (1) the plaintiff failed to prove the tire was defective when it left the manufacturer; (2) the tire's failure was due to overloading and not to a defect; (3) there is

inconsistency in the jury's findings; and (4) the charge on breach of implied warranty was improper. Based on the conflicting fact and opinion evidence, the jury could find as it did. (See *Codling v Paglia,* 32 NY2d 330, 338; *Hunter v Ford Motor Co.,* 37 AD2d 335.) There is no reversible error in the charge. On the issue of damages, it was possible for the jury to find from the fact and opinion evidence that there were seat belts and one was available to decedent, that she failed to use it, and that if she had, she would not have sustained the head injury which caused her death, thus reducing the award. *(Spier v Barker,* 35 NY2d 444; *Baker v Hlavachek,* 51 AD2d 739.) Concur—Kupferman, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.