■ LYNDA STEIN, as Administratrix of the Estate of JOHN STEIN, Deceased, Appellant, v TIMOTHY PENATELLO et al., Respondents.—In an action to recover damages for negligent entrustment, wrongful death, and conscious pain and suffering, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered December 22, 1989, which, *inter alia,* directed judgment as a matter of law in favor of the defendants.

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages only.

The case involves a two-car accident in which the defendant Timothy Penatello ran a stop sign and hit the decedent's vehicle, causing the decedent, who was not wearing an available seat belt, to be ejected from the car. It is undisputed that the decedent's death was caused by "exsanguination due to traumatic amputation of his right arm"; such injury occurring outside the vehicle. After a jury trial and despite the jury's finding that the defendants were 100% at fault for the accident, the court directed that judgment be entered in favor of the defendants on the basis of the jury's determination that the decedent's failure to wear his seat belt caused his death and therefore, was a complete bar to any recovery.

It is well settled that failure to use an available seat belt is to be considered in mitigation of damages and should not be considered by the triers of fact in resolving the issue of liability *(see, Spier v Barker,* 35 NY2d 444, 450; *see also,* Vehicle and Traffic Law § 1229-c [8]). In the instant case, while the court properly charged the jury that if they found that some or all of the decedent's injuries, including his death, resulted from his failure to use a seat belt, then they could not make any award for those injuries or for the death *(see,* PJI 2:87.1 [1992 Supp]), the interrogatory submitted to the jury regarding the seat belt issue was improper and as a result had the effect of deeming the decedent's nonuse of the available seat belt a complete defense. By limiting the interrogatory to whether the decedent's death was caused by his failure to use his seat belt, the court effectively precluded the jury from determining whether the decedent would have sustained any other compensable injuries had he worn the

seat belt, thereby eliminating the possibility of mitigation of damages. At trial, both the decedent's experts and the defendant's experts testified to the possibility of injuries had the decedent worn his seat belt.

Under the circumstances, it is a reasonable factual conclusion, supported by the evidence and the experts' testimony, that given the force with which the decedent's vehicle was hit and sent into a spin, if the decedent had not been ejected from the vehicle, he would nevertheless have suffered some injury to his upper extremities (see, e.g., Cappadona v State of New York, 154 AD2d 498). In view of the possibility, not discounted by the defendant's expert, that the decedent would have been injured (albeit not killed) even if the seat belt had been worn, it was improper to frame the interrogatory in the manner which effectively precluded the jury from considering mitigation of damages (see, Cappadona v State of New York, supra, at 501; see also, Cappadona v State of New York, 156 AD2d 505).

We also note that the plaintiff attempted to elicit testimony from the medical examiner that had the decedent been wearing a seat belt, he would have died anyway or would have suffered some injuries. However, upon objection, the court precluded this testimony, stating that the decedent was not wearing a seat belt and that "you can't argue something that didn't happen". We find that precluding the plaintiff from eliciting this testimony was improper inasmuch as it is pertinent and relevant to the jury's determination of mitigation of damages (see, Baker v Hlavachek, 51 AD2d 739). Accordingly, the jury having determined the defendants to have been 100% at fault for the accident, we find that as a result of these prejudicial errors, a new trial as to damages only is warranted.

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Eiber, Pizzuto and Santucci, JJ., concur.