OPINION OF THE COURT
Howard Berler, J.
This action was settled during trial after the court admitted into evidence, over the plaintiffs strenuous objections, "safety gloves”.
Plaintiff herein was injured when, while employed at Arby’s, he was caused to sustain severe burns from scalding cooking grease he and his supervisor were attempting to pour into a receptacle designed for that purpose. Plaintiff, during the liability phase of the trial, was totally exculpated from liability. During the damages phase of this trial, defendant introduced into evidence, over plaintiffs objections, the safety gloves which they claim were available to plaintiff and which, they contend, if they had been worn by plaintiff at the time of the accident, would have prevented or, at least, lessened the extent of his injuries by covering and protecting the portion of plaintiffs arm that the scalding cooking grease came in contact with. Plaintiff also contends the court’s admission of the gloves was improper in that their introduction was allowed during the liability phase of this trial and, therefore, should be precluded during the damages phase. Additionally, they contend that since the failure to wear the safety gloves was an event that occurred prior to and contemporaneous with the accident in question, introduction of said gloves in evidence was an improper attempt to mitigate damages. The plaintiff further *3 contends that the "seat belt” cases are not analogous in that statutes mandate the availability and use of seat belts and no such statutes exist for safety gloves or other devices.
"Mitigation of damages” is one of those slippery, amoebic and protean expressions too common in the law, especially the law of tort damages. It has no single meaning (2 Speiser, Krause & Gans, American Law of Torts § 8.15, at 524). In a broad sense, anything that tends to decrease damages may be stated to be a fact in mitigation thereof. This includes anything that tends to show: (1) that plaintiff really has no legally supportable claim or cause of action; (2) that claimed damages are not as large as plaintiff asserts; and (3) that plaintiff could have avoided reasonably all or part of his claimed damages (id.).
Except in unusual circumstances, the failure to use an available seat belt is to be considered only in mitigation of damages and should not be considered by the trier of fact in reviewing the issue of liability (Spier v Barker, 35 NY2d 444 [1974]; Stein v Penatello, 185 AD2d 976 [2d Dept 1992]; Cummins v Rose, 185 AD2d 839 [2d Dept 1992]; Curry v Moser, 89 AD2d 1, 7 [2d Dept 1982]). This rule, however, does have exceptions (see, e.g., Curry v Moser, supra). Additionally, where the evidence of plaintiffs use or misuse of a seat belt was not submitted to the jury, admission of testimony regarding such nonuse has been held to be harmless error (Davis v Bradford, 226 AD2d 670 [2d Dept 1996]). Here, the issue of the admissibility of the gloves was considered during the liability phase of the trial. However, although it was considered thereat, this should not preclude consideration of said issue during the damages phase where it properly should be considered, especially in view of the fact the jury did not apportion liability in the first phase. The jury found 100% for the plaintiff, thereby avoiding any issue of double dipping.
Although the availability and use of seat belts is statutory (Vehicle and Traffic Law § 1229-c [3]), the application of the statutory requirements to mitigating damages in an automobile accident case is a result of case law which is legion for the proposition that such application is considered in mitigation of damages.
In the usual situation, mitigation of damages is usually thought of in the context of steps that a reasonable plaintiff could have taken subsequent to the incident giving rise to injuries, in order to reduce the amount of damages (see, Bell v Shopwell, Inc., 119 AD2d 715 [2d Dept 1986] [Court granted *4 plaintiff only part of his lost earnings because he reasonably could have obtained rehabilitation but refused to do so]; Matter of Zanotti v New York Tel. Co., 48 AD2d 192 [3d Dept 1975] [claimant’s refusal to submit to myelogram precluded recovery of workers’ compensation]). However, in a limited number of situations, plaintiff’s unreasonable conduct, although it is prior to or contemporaneous, may be found to have caused only a separable part of the damages. In such a case, even though it is called contributory or comparative negligence, an apportionment as to liability will be made. A more difficult problem is presented when the plaintiff’s prior conduct is found to have played no part in bringing about an impact or accident, but to have aggravated the ensuing damages (see, Prosser and Keeton, Torts § 65, at 459 [5th ed]). The New York courts do recognize exceptions to the general rule and impose a preaccident obligation on plaintiff under certain circumstances as mitigation of damages. The most common of these circumstances is the alleged failure of a vehicle occupant to use the available occupant restraint, i.e., the "seat belt”.
In New York, unlike the law of other States, a defendant or other party may introduce evidence of the nonuse or improper use of a seat belt in cases involving motor vehicles, but only for the purpose of assessing the reasonableness of the injured party’s efforts to minimize damages (Spier v Barker, 35 NY2d 444 [1974], supra; Stein v Penatello, 185 AD2d 976, 976-977 [2d Dept 1992], supra). The courts thus quite properly impose a preaccident obligation on the plaintiff. The burden of proving that the injured party failed to mitigate damages by not wearing a seat belt rests upon the defendant (Davis v Davis, 49 AD2d 1024 [4th Dept 1975]; see also, Caiazzo v Volkswagenwerk A. G., 647 F2d 241, 246 [2d Cir 1981]).
In the leading case, Spier v Barker (35 NY2d 444 [1974], supra), the plaintiff was ejected from her car, which subsequently rolled over her body and broke her leg. The Court stated that the seat belt "issue should not be submitted to the jury unless the defendant can demonstrate, by competent evidence, a causal connection between the plaintiff’s nonuse of an available seat belt and the injuries and damages sustained”. (35 NY2d, at 450 [citation omitted].) The Spier Court (at 452) justified extending mitigation principles to failure to wear a seat belt, stating that "the seat belt affords the automobile occupant an unusual and ordinarily unavailable means by which he or she may minimize his or her damages prior to the accident.” In other words, plaintiffs injured by means other than *5 motor vehicle accidents do not ordinarily have the opportunity to minimize damages before an accident, but a motor vehicle passenger has the unique chance of self-protection by using a seat belt. The Spier Court used this distinction as a justification for extending mitigation principles to impose a preaccident obligation upon plaintiffs in motor vehicle cases (Ruiz v Rochester Tel. Co., 195 AD2d 981 [4th Dept 1993]; Petryszyn v Di Fulvio, 185 AD2d 405 [3d Dept 1992]; Schrader v Carney, 180 AD2d 200 [4th Dept 1992]; Cappadona v State of New York, 154 AD2d 498, 500-501 [2d Dept 1989]; Dowling v Dowling, 138 AD2d 345 [2d Dept 1988]), including products liability cases (Caiazzo v Volkswagenwerk A. G., supra [applying New York law]; Uribe v Armstrong Rubber & Tire Co., 55 AD2d 869, 869-870 [1st Dept 1977]; Halvorsen v Ford Motor Co., 132 AD2d 57 [3d Dept 1987]).
The approaches taken by courts regarding an injured person’s responsibility for neglecting to wear a seat belt have been similarly applied to protective gear, such as motorcycle helmets (Ottem v United States, 594 F Supp 283 [D Minn 1984]; cf., Penzell v State of New York, 120 Misc 2d 600 [Ct Cl 1983]; Halvorson v Voeller, 336 NW2d 118 [Sup Ct, ND 1983]) and goggles (Johnson v Farmers Union Cent. Exch., 414 NW2d 425 [Minn Ct App 1987]; see also, Menzer, Nates, Kimball & Axelrod, Damages in Tort Actions § 1604 [2] [Matthew Bender]).
Should these holdings be extended to other devices such as safety gloves? In the proper situation, the answer is yes, providing the defendant (burden of proof is on the defendant) can prove to the satisfaction of the trier of the facts:
1. The gloves were available at the time of the incident;
2. A reasonably prudent person would have used the gloves under such circumstances;
3. That some or all of the injuries resulted from the failure to use the gloves.
In determining the answer to this question, the Spier Court’s reasoning is compelling. They note (supra, at 452-453) that
"When an automobile occupant may readily protect himself, at least partially, from the consequences of a collision, we think that the burden of buckling an available seat belt may, under the facts of the particular case, be found by the jury to be less than the likelihood of injury when multiplied by its accompanying severity * * *
"[I]f the defendant is unable to show that the seat belt would have prevented some of plaintiff’s injuries, then the trial court ought not to submit the issue to the jury.” (Emphasis supplied.)
*6 This court finds no difference between seat belts and safety gloves. They (safety gloves), just as seat belts, are capable of lessening or avoiding the damages resulting from injuries caused by accidents. This court further holds other devices should also be considered to mitigate damages providing they can satisfy the above three-prong test.
Here, the safety gloves were a device that was available to plaintiff prior to the accident. Therefore, they should be admitted into evidence and if defendant is able to show that the safety gloves would have prevented some of plaintiff’s injuries and that a reasonably prudent person would have worn them under the circumstances, then the trial court should submit those issues to the jury on the mitigation of damages principle.