■ PAUL J. NOVKO et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 98710.) [728 NYS2d 259] —Spain, J. Cross appeals from a judgment of the Court of Claims (Hanifin, J.), entered March 22, 2000, upon a decision of the court in favor of claimants.

In July 1996, claimant Paul J. Novko (hereinafter claimant), a self-employed dairy farmer, sustained injuries when, stopped at a red light on State Route 23 in the Town of Oneonta, Otsego County, the vehicle he was driving was struck in the rear by a State Trooper's patrol vehicle. Claimant and his spouse, derivatively, commenced this action against the State seeking damages for past and future pain and suffering and loss of earning capacity alleging that claimant sustained a serious injury within the meaning of Insurance Law § 5102 (d). Following a nonjury trial, the Court of Claims rendered judgment finding the State 100% liable for the collision and concluded that claimant sustained a significant limitation of the use of his thoracic spine due to a degenerative disc condition in the area of T7-T8 that was aggravated and became symptomatic as the result of the accident. The court awarded claimant significantly limited damages for past and future pain and suffering in the amount of $40,000 but made no award for his loss of earning capacity. Claimant's wife was awarded $6,000 on her derivative claim. The court temporally limited its award of damages to both claimants to the period between the July 1996 accident and the spring of 1997, concluding that the pain and suffering experienced by claimant thereafter was the result of his failure to mitigate his damages. Claimants appeal from these damage awards.[1]

Initially, we find merit to claimants' contention that the Court of Claims erred in applying the doctrine of mitigation of damages to preclude recovery for pain and suffering after the spring of 1997. In invoking the doctrine, the court essentially concluded that claimant's pain could have been avoided or reduced had he made a timely decision—i.e., by the spring of 1997—to change his lifestyle by giving up dairy farming and

---

1. The State does not seek affirmative relief on this appeal and, thus, has abandoned its cross appeal.

becoming a farming equipment salesperson, and that his failure to do so constituted a breach of his duty to mitigate his damages. The court apparently rationalized that had claimant left the farming profession, his thoracic pain would have ceased or become tolerable.

We are guided by the principle that "mitigation of damages is usually thought of in the context of steps that a reasonable plaintiff could have taken subsequent to the incident giving rise to injuries, in order to reduce the amount of damages" (*Giannetti v Darling Del. Carting Co.*, 175 Misc 2d 1, 3). As a general rule, "a party who claims to have suffered damage by the tort of another is bound 'to use reasonable and proper efforts to make the damage as small as practicable' * * * and if an injured party allows the damages to be unnecessarily enhanced, the incurred loss justly falls upon him" (*Williams v Bright*, 230 AD2d 548, 550, *appeal dismissed* 90 NY2d 935, quoting *Blate v Third Ave. R. R. Co.*, 44 App Div 163, 167).

Here, claimant testified that he is a self-employed dairy farmer which requires, *inter alia*, milking cows, baling hay and tending to crops. While of necessity he continued working the farm following the accident, he testified that he made numerous and substantial adjustments to reduce the stress on his back. Specifically, claimant often assumed the role of manager instead of physical laborer and, in an effort to reduce his physical labor, he changed the way he stored crops, used a tractor, remodeled a building on the farm, changed his baling system and hired a full-time employee. Additionally, claimant's wife left her full-time employment for a period of time to assist claimant on the farm. In August 1998, claimant began selling farm equipment on a part-time basis which entailed demonstrating the equipment while performing his farm work. In our view, the record demonstrates that having made significant adjustments to reduce the stress on his spine, it was not unreasonable for claimant to continue his livelihood of farming and, indeed, it was unreasonable for the Court of Claims to require that he completely change his occupation. In fact, this Court is unaware of any case law requiring changes in lifestyle and occupation to the extent effectively required by the Court of Claims. We find that the court's presumptions that other jobs and, in particular, selling farm equipment, were available to claimant on a full-time basis and would not have aggravated the stress on claimant's thoracic spine are speculative and not supported by medical testimony or any other part of the rec-

ord. As such, there was no basis to invoke the doctrine and correspondingly limit the award of damages.[2]

Turning to the derivative claim, while the Court of Claims found that claimant's wife assumed many of the functions that claimant had performed around the house prior to the accident, it stated that "her damages must be limited the same way the [c]laimant's are limited, that is to a reasonable period of time subsequent to this accident, during which arrangements could have been made for [c]laimant to end his career as a dairy farmer and begin a far more lucrative career as a farm equipment salesman." The application of mitigation of damages doctrine to her derivative claim was also erroneous.

However, we find no reason to disturb the Court of Claims' decision not to award damages on the loss of earning capacity claim. It is axiomatic that loss of earning capacity must be established with reasonable certainty (*see, Ordway v Columbia County Agric. Socy.*, 273 AD2d 635, 636; *Toscarelli v Purdy*, 217 AD2d 815, 818). Here, the opinion of the vocational economic analyst who testified on behalf of claimant was only based upon general information—i.e., the preaccident earning capacity of a nondisabled male with a four-year college degree. Notably, the analyst failed to rely upon claimant's income tax statements or to take into consideration the earning capacity of a farmer in claimant's situation. Consequently, we are constrained to agree that claimant failed to establish with reasonable certainty his loss of earning capacity.

Finally, while claimants do not challenge the Court of Claims' finding that claimant did not sustain a "permanent consequential limitation of use" (Insurance Law § 5102 [d]), they do contend that the court improperly concluded that claimant's restricted range of motion caused by his thoracic back pain was not permanent. Specifically, the court concluded that there was no basis to find that claimant's injury to his back was permanent because "it [was] likely that the condition would have resolved and the pain ended, or at least resolved to a mild level, had [c]laimant followed a sensible regimen of rest and medical treatment for a reasonable period of time following the accident, instead of immediately continuing to lift heavy objects." A review of the medical evidence does not support the court's broad conclusion. Additionally, we agree with claimants that the court's analysis is flawed in the same respect as the analysis leading the court to curtail the damages award.

---

2. Insofar as we find that the facts adduced at trial did not provide a basis upon which to invoke the mitigation of damages doctrine, we need not address claimants' contention that the State did not plead or raise the doctrine as an affirmative defense.

Cardona, P. J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing the award of damages; matter remitted to the Court of Claims for a new trial on the issue of damages for claimant Paul J. Novko's past and future pain and suffering and claimant Michelle J. Novko's derivative claim; and, as so modified, affirmed.