■ In the Matter of the Claim of HARRY DE LA CONCHA, Appellant, v FORDHAM UNIVERSITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 320]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed March 18, 2004, which ruled that claimant failed to mitigate his damages.

Claimant, alleging that he was injured in an altercation with the employer's director of human resources, filed a claim for workers' compensation benefits. Thereafter, the employer terminated claimant's employment, prompting claimant to commence this proceeding contending that he was fired in retaliation for filing the workers' compensation claim, and seeking reinstatement and damages pursuant to Workers' Compensation Law § 120. The Workers' Compensation Board held that the employer had violated section 120, a determination which was affirmed by this Court on appeal (292 AD2d 662 [2002]). While his case was administratively pending on the issue of penalty and damages, claimant unsuccessfully sought reinstatement with the employer. Hearings were then held on the penalty and damages issues, resulting in a decision by a workers' compensation law judge (hereinafter WCLJ), subsequently affirmed by the Board, that claimant had a duty to mitigate damages. The case was continued to ascertain claimant's wage earning capacity during the applicable time period to permit calculation of his damages, as well as counsel fees. Claimant appeals.

We affirm. Claimant asserts his entitlement to reinstatement under the plain language of Workers' Compensation Law § 120.[1]

---

1. "Upon finding that an employer has violated this section, the board shall make an order that any employee so discriminated against shall be restored to employment or otherwise restored to the position or privileges he or she would have had but for the discrimination" (Workers' Compensation Law § 120).

However, claimant's notice of appeal expressly limits the scope of this appeal, stating that he appeals only "from the part of the [Board decision] . . . which determined, 'that in [Workers' Compensation Law] § 120 cases, a claimant has a duty to mitigate his damages by looking for other work upon termination of his employment.' " Accordingly, the issue of reinstatement is not before us in the context of this appeal (*see Brodeur v Hayes*, 18 AD3d 979, 981 [2005], *lv dismissed and denied* 5 NY3d 871 [2005]; *Hoffman v Pelletier*, 6 AD3d 889, 889-890 [2004]; *New Horizons Amusement Enters. v Zullo*, 301 AD2d 825, 826 [2003]).[2]

Turning, therefore, to claimant's remaining contention, we conclude that claimant had a duty to mitigate damages, irrespective of whether he has an absolute right to reinstatement. "As a general rule, 'a party who claims to have suffered damage by the tort of another is bound "to use reasonable and proper efforts to make the damage as small as practicable" . . . and if an injured party allows the damages to be unnecessarily enhanced, the incurred loss justly falls upon him' " (*Novko v State of New York*, 285 AD2d 696, 697 [2001], quoting *Williams v Bright*, 230 AD2d 548, 550 [1997], *appeal dismissed* 90 NY2d 935 [1997], quoting *Blate v Third Ave. R.R. Co.*, 44 AD 163, 167 [1899]; *see Brushton-Moira Cent. School Dist. v Thomas Assoc.*, 91 NY2d 256, 262-263 [1998]). The obligation to mitigate damages has been previously applied to require employees who have been wrongfully discharged to seek alternate employment (*see Matter of Gross v Board of Educ. of Elmsford Union Free School Dist.*, 78 NY2d 13, 17 [1991]; *see also Matter of Murtaugh v Bankers Trust Co. of Albany*, 111 AD2d 1064, 1066 [1985]). Accordingly, although Workers' Compensation Law § 120 does not address the issue of mitigation, we find nothing unreasonable in the Board's interpretation of that statute to require a claimant, where possible, to seek other employment pending either reinstatement or a final decision or settlement on the issue of damages. Inasmuch as claimant does not dispute the fact that he made no effort to mitigate his damages, we find no basis upon which to disturb the Board's determination.

---

**2.** Although the question of claimant's right to reinstatement was raised before the WCLJ and in the parties' submissions to the Board on review, neither the decision of the WCLJ nor the Board directly addresses the issue. The employer's papers to the Board on review assert that the issue is untimely, having been resolved against claimant in a March 2, 2001 decision. The employer, however, has abandoned this argument on appeal and the March 2, 2001 decision is not included in the record before us. Accordingly, we are unable to ascertain whether the Board has resolved that issue, either in the decision appealed from or previously.

Cardona, P.J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.