MARY D. HAGER, Respondent, v. RAY W. BUSHMAN, Appellant.— Judgment and order affirmed, with costs. Memorandum: That this accident happened solely by reason of the negligence of the defendant is a permissible conclusion from the undisputed facts. This conclusion the jury properly arrived at. The testimony that defendant was protected by insurance was improperly offered and erroneously received. Although this testimony was not stricken and the jury were not instructed to disregard it, it is clear that it did not influence the verdict of the jury. Hence, the refusal of the court to declare a mistrial or to set aside the verdict was proper. (*Simpson* v. *Foundation Co.*, 201 N. Y. 479, 490; *Rodzborski* v. *American Sugar Refining Co.*, 210 id. 262, 269; *Di Tommaso* v. *Syracuse University*, 172 App. Div. 34, 36.) All concur, except Sears, P. J., not voting. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

ROSE CURATOLO and Another, as Administratrices, etc., of ANGELO CURATOLO, Deceased, Respondents, v. ROCHESTER ICE & COLD STORAGE UTILITIES, INC., and Another, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiffs shall, within ten days, stipulate to reduce the verdict to the sum of $8,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. Memorandum: We find no error in the exclusion, by the trial court, of the Rochester city ordinance. Failure to obey the ordinance, even if it could be charged to the decedent, was not, in any sense, the proximate cause of the accident. It is also doubtful whether the ordinance refers to the kind of act in which the decedent was engaged. We find, however, that the verdict was excessive, considering decedent's age and his ability to produce an income. All concur. (The judgment is for plaintiffs in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.