■ METROPOLITAN SAND & GRAVEL CORPORATION, Plaintiff, v. SAM H. LIPSON, as Trustee in Bankruptcy for CARL CARISTO and Another, Individually and as Copartners Doing Business as ATLAS CONSTRUCTION COMPANY, et al., Defendants. PLANET CONSTRUCTION CORP., in Behalf of Itself and in Behalf of all Other Persons Entitled to Share in the Funds Received or to be Received by CARL CARISTO and Another, Copartners Doing Business as ATLAS CONSTRUCTION CO., Third-Party Plaintiff-Appellant, v. LAFAYETTE NATIONAL BANK et al., Third-Party Defendants-Respondents.— Planet Construction Corp. was the general contractor for the construction of a public school in the City of New York. Carl Caristo and Fred Petillo, copartners doing business as Atlas Construction Co., were subcontractors for the concrete work. Metropolitan Sand and Gravel Corporation sold materials to Atlas in connection with that construction work and instituted the main action against the trustee in bankruptcy of Atlas, other unpaid materialmen of Atlas, Planet and others to foreclose its mechanic's lien and for other relief. Planet served a third-party complaint on Atlas and the Lafayette National Bank, allegedly pursuant to to articles 2 and 3-A of the Lien Law, claiming in substance that they, in applying funds received by Atlas from Planet to the payment of indebtedness due the bank from Atlas, were guilty of diversions of trust funds within the meaning of the Lien Law. In an amended third-party complaint, Planet alleged that it had paid the claims of Metropolitan and the other materialmen of Atlas and had received assignments of their claims and liens. At the

opening of the trial the main action by Metropolitan was discontinued, and the Special Term denied motions to dismiss the amended third-party complaint, thereupon made on the ground that it was no longer maintainable in view of the discontinuance of the main action. After trial, however, the Special Term dismissed the amended third-party complaint, holding that it was bound by the decision in *Raymond Concrete Pile Co.* v. *Federation Bank & Trust Co.* (288 N. Y. 452). The appeal is from the judgment entered thereon. Judgment reversed and a new trial granted, with costs to abide the event. The denial of the motions to dismiss the amended third-party complaint was proper (*Washington* v. *Morantz*, 11 Misc 2d 273; cf. *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214, 218). We also agree with the learned Special Term that the bank's liability is governed by *Raymond Concrete Pile Co.* v. *Federation Bank & Trust Co.* (*supra*), to the extent that there may be no recovery against the bank if it did not know, or had no reasonable grounds to suspect, at the times of the alleged diversions of funds, that there were unpaid materialmen of Atlas. The Special Term, however, made no finding on that subject, although in our opinion there was sufficient proof in the record to permit a finding that the bank had such knowledge or notice, if the court had reached such a conclusion. The Special Term also failed to pass upon Atlas' defense that the claim against it was barred by its discharge in bankruptcy. While it seems that the claim was not within the exceptions contained in subdivision (4) of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35, subd. [4]; cf. *Davis* v. *Aetna Acceptance Co.*, 293 U. S. 328, 333; *Frank Sheridan Jonas, Inc.*, v. *Romanat*, 144 N. Y. S. 2d 248, affd. 1 A D 2d 949; *Ryan Ready Mixed Concrete Corp.* v. *Caristo*, 158 N. Y. S. 2d 451) and was thus barred, it may be that it is included within the exceptions set forth in subdivision (2) of section 17. Other issues presented by the pleadings, also, were not passed upon by the Special Term, presumably because of its determination that dismissal of the third-party action was required by the *Raymond* case (288 N. Y. 452, *supra*). On the record presented, it is our opinion that a new trial is necessary, so that all the essential questions may be determined and findings made as required by section 440 of the Civil Practice Act. The parties may, if so advised, amend their pleadings to place before the court all the issues which they seek to raise. Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.