Hofstadter, J.
(dissenting). I dissent and vote to affirm. While plaintiff was standing in the cashier’s checkout line in appellant’s supermarket, her right leg was struck by flying glass from an exploded bottle of soda. No evidence was offered by either defendant. .Following a fair charge, the jury returned a unanimous verdict for plaintiff against defendant Shapmor, Inc., the owner of the supermarket. My colleagues order a new trial, not on the merits but because of an inadvertent reference to insurance by plaintiff in answer to a question put by counsel for defendant Kirsch Beverages, Inc.
I cannot agree. The Trial Judge immediately following the incident directed the jury to disregard the statement; and re-emphasized this direction in his charge. The plaintiff’s proof *545 was uncontradicted. The information was not deliberately brought out by counsel for plaintiff — to the contrary, counsel for plaintiff played no part in the incident. The case was not close. In this context, the Trial Judge properly denied the motion for a mistrial; nor may it be said that the incident influenced the verdict of the jury. Where information about insurance is inadvertently volunteered by a witness and not deliberately elicited by counsel, there is no reversible error. (Hager v. Bushman, 255 App. Div. 934; Shork v. Higgins, 157 N. Y. S. 2d 19; Brand v. Mangust Holding Corp., 53 N. Y. S. 2d 882. )
It is everyday knowledge that storekeepers, no less than automobile owners, carry liability insurance. Reference to this subject, unmotivated and unintentional, is not so grievous a fault as to mandate taking the ease from the jury which heard it — particularly when it is forewarned and instructed to disregard it.
Gold, J. P., and Capozzoli, J., concur in Per Curiam opinion; Hofstadteb, J., dissents in Memorandum.
Judgment dismissing plaintiff’s complaint against defendant, Kirsch Beverages, Inc., and dismissing the cross complaint of defendant, Shapmor, Inc., against the defendant, Kirsch Beverages, Inc., affirmed, without costs. Judgment against defendant-appellant, Shapmor, Inc., reversed and a new trial ordered, with $30 costs to appellant to abide the event.