■ KATHERINE A. O'CONNELL, as Administratrix of the Estate of TIMOTHY O'CONNELL, Deceased, Respondent, v. FEDERICO CONSOLO, Appellant, and ANN O'CONNELL, as Executrix of JOHN O'CONNELL, Deceased, Respondent.— In this action to recover damages for wrongful death and conscious pain and suffering, a jury verdict was rendered in favor of plaintiff against defendant O'Connell and in favor of defendant Consolo against plaintiff, following which an order was made by the Supreme Court, Westchester County, on April 11, 1968, declaring a mistrial and directing a retrial; and thereafter defendant Consolo made a motion for reargument, resettlement of said order, and judgment in accordance with the jury verdict, which was denied by an order of the same court, dated August 21, 1968. The appeal is from the order of August 21, 1968. Order affirmed, with costs to respondent O'Connell against appellant Consolo. In our opinion, the reference by a witness to the Allstate Insurance Company, on the facts of this case, could have influenced the jury's verdict (cf. *Simpson* v. *Foundation Co.*, 201 N. Y. 479, 490). This involves more than the mention of insurance coverage, for a specific insurer was named. It is not possible to determine on this record the effect which the reference to Allstate, a company widely-advertised through mass media, had upon the jury and, in fact, there is some evidence which suggests that the reference influenced the amount of plaintiff's verdict. A new trial including all the parties would best achieve the interests of justice. Christ, Acting P. J., Brennan and Rabin, JJ., concur; Munder and Martuscello, JJ., dissent and vote to reverse the order and to grant defendant Consolo's motion for judgment in accordance with the jury verdict, with the following memorandum: Plaintiff's intestate, a passenger in an automobile operated by his brother, John O'Connell, suffered fatal injuries when the vehicle collided with one operated by appellant Consolo in October, 1965. At the trial, the jury returned a verdict for plaintiff for wrongful death and conscious pain and suffering against the driver-brother's estate and also for Consolo. Judgment was never entered on the verdict, however, because a motion for a mistrial, which had been made during the trial and upon which decision had been reserved, was granted and a new trial ordered as to all parties. The motion was originally made by both defendants but when the jury returned its verdict Consolo sought to withdraw it as made by him. This request was denied. The trial court felt that the effect of its granting the motion was to negate all action taken by the jury and to place all parties in the same position as they would have been in had the motion been granted when made. The incident which prompted the motion for mistrial occurred during re-cross-examination by plaintiff's counsel of the final witness (Consolo's witness). The testimony was as follows: "Q. Did you give a statement to anyone else concerning how this accident happened? Did some investigator come and ask you what happened? A. No. Q. No one ever contacted you, to find out how the accident happened?

Mr. Wilson: Your Honor, I am going to object to this as irrelevant and immaterial. The Court: No, he may answer that yes or no. A. I don't recall if I made a statement. I think someone of the Allstate Insurance called up, but —". The testimony was abruptly terminated by plaintiff's counsel who asked that a recess be called to instruct the witness. The court denied the recess, noting that counsel himself had brought on the witness' remark. The jury was simply instructed to disregard it. In our opinion, this reference to "Allstate Insurance" was not prejudicial and it was an abuse of discretion to order a new trial because of it. The reference was voluntary and unresponsive, as just prior thereto the witness had been directed to give a "yes or no" answer. That counsel was surprised by the reference is shown by his quick reaction and termination of all further questioning. The reference was made while the witness, who, incidentally, was an eyewitness to the accident, was being queried as to possible inconsistencies in statements given shortly after the accident and at the trial. This was proper cross-examination. Furthermore, the reference was so off-handed that there was no way to tell whether the company referred to insured the plaintiff or one of the defendants (see 4 ALR 2d 761, 817–819). It is unrealistic in these days of compulsory automobile insurance to expect a jury to completely block all idea of insurance from its mind. The important thing is to make sure it is not prejudiced by intentional and protracted reference to it (see, e.g., *Doyle* v. *Dapolito*, 20 A D 2d 318). It is difficult, especially for an appellate court, to determine whether a jury has been prejudiced by any specific remark; and usually such determination is best left to the trial court. At bar, however, we have a jury verdict exonerating the defendant who theoretically would be most affected, since *his* witness made the objectionable remark. The verdict, which is amply supported by the record, we think dispels any fear of prejudice (see *Martenhoff* v. *Wilken*, 246 App. Div. 884; *Hager* v. *Bushman*, 255 App. Div. 934). One additional point should be mentioned. It is our opinion that the granting of the mistrial after the jury returned its verdict was an abuse of discretion as to *both* defendants. However, since plaintiff has withdrawn her appeal from the order under review, this court can make no determination on this appeal so as to give her any relief from the granting of the mistrial.