(May 29, 1984)

■ VICTORIA BONGIANNI, Respondent, v DONNA VLASOVETZ et al., Appellants. — In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Suffolk County (De Luca, J.), dated October 14, 1983, which denied their motion to compel a further examination before trial of the plaintiff with respect to plaintiff's use of a seat belt, her consumption of alcoholic beverages or drugs prior to the accident and the subsequent birth of her baby. ¶ Order modified, by granting defendants' motion to the extent of directing a further examination before trial of the plaintiff for the sole purpose of disclosing all material and necessary evidence pertaining to the seat belt defense, in accordance herewith. As so modified, order affirmed, with costs to the appellants. The examination before trial shall proceed at a time and place to be fixed in a written notice of not less than 10 days to be given by the defendants, or at such time and place as the parties may agree. ¶ By order dated July 22, 1983, Special Term granted plaintiff's motion for summary judgment on the issue of liability and directed the matter to be placed on the Inquest Calendar for a determination of damages. Thereafter, at a court-ordered examination before trial of the plaintiff on the issue of damages only plaintiff's attorney objected to any questions pertaining to the seat belt defense. Defendants then moved for an order directing a further examination before trial of the plaintiff for the purpose of disclosing, *inter alia,* all evidence material and necessary to the seat belt defense (see CPLR 3101, subd [a], par [1]). Special Term, applying the doctrine of law of the case, erred in denying this branch of defendants' motion. ¶ A plaintiff's nonuse or improper use of an available seat belt is to be strictly limited to a determination of the plaintiff's damages, and generally is not to be considered in resolving the issue of liability (see *Spier v Barker,* 35 NY2d 444; *Curry v Moser,* 89 AD2d 1). Consequently, the order granting the instant plaintiff's motion for summary judgment on the issue of liability did not preclude an examination before trial of the plaintiff with respect to what is commonly known as the seat belt defense which is relevant to the issue of damages. Since the consumption of alcoholic beverages or drugs may affect one's ability to properly fasten a seat belt, disclosure of such information is also proper only insofar as it pertains to the seat belt defense. ¶ We note that any inquiry into the issue of plaintiff's pregnancy is not material or relevant to the issues in the case. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.

■ MARGARET H. BRADLEY, as Administratrix of the Estate of SARAH J. BRADLEY, Deceased, et al., Respondents, v BURROUGHS WELLCOME Co., Appellant. (And a Third-Party Action.) — Order of the Supreme Court, Suffolk County (Orgera, J.), dated September 2, 1982, affirmed insofar as appealed from, with costs. (See *Orzechowski v Warner-Lambert Co.,* 91 AD2d 681; *Hoerning v Stihl Amer.,* 70 AD2d 696). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.