■ KENNETH SIEGFRIED, Respondent, v FRANK R. SIEGFRIED et al., Appellants.—In an automobile negligence action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Orange County (Green, J.), dated March 14, 1985, which is in favor of the plaintiff and against them, upon a jury verdict, in the principal amount of $180,000.

Judgment affirmed, with costs.

The defendants were properly precluded from inquiring into the plaintiff's failure to wear an available seat belt during the liability phase of the trial since the testimony was only relevant to the issue of damages *(see, Spier v Barker,* 35 NY2d 444; *Bongianni v Vlasovetz,* 101 AD2d 872; *Curry v Moser,* 89 AD2d 1). The defendants were also properly prevented from eliciting this testimony and arguing the seat belt defense to the jury during the damages trial as the record indicates that they did not intend to present any competent evidence indicating that any of the plaintiff's injuries were caused by his failure to wear a seat belt *(see, Spier v Barker, supra).*

In addition, the trial court properly gave a missing witness charge with respect to the testimony of a Dr. Hendler, a physician who examined the plaintiff for the defendants' insurance company *(see, Grey v United Leasing,* 91 AD2d 932; *Rice v Ninacs,* 34 AD2d 388). The defendants did not attempt to show that the doctor was not under their control, and his testimony would not have been cumulative because the defendants did not present any medical evidence to support their contention that the plaintiff's injuries were minimal *(see, Chandler v Flynn,* 111 AD2d 300; *cf. Getlin v St. Vincent's Hosp. & Med. Center,* 117 AD2d 707).

On direct examination, the plaintiff, in response to a question from his own counsel to identify a certain physician, responded that he was "the doctor for Utica Mutual Insurance". Even in this automotive age where it may be inferred that every juror knows that this State has compulsory automobile insurance, such reference to a specific insurance company *(see, O'Connell v Consolo,* 32 AD2d 820), or even to insurance, is improper and should not be permitted. However, under the totality of the circumstances of this case of brother against brother, we do not deem such testimony to require reversal.

Finally, the award of $180,000 in damages was not excessive *(see, Senko v Fonda,* 53 AD2d 638; *cf. Bell v Shopwell, Inc.,* 119 AD2d 715). Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.