■ LAURA N. KRONENBERG et al., Appellants, v ROBERT MORRIS et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 2, 1989, which, upon a jury verdict, is in favor of the defendants and against them.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and a new trial is granted.

The record reveals that, over timely defense objection, the trial court permitted the injured plaintiff to testify regarding a hearsay statement made to her by a Dr. Fisher. The court allowed the testimony only after the plaintiffs' counsel assured the court that Dr. Fisher would appear as a witness for the plaintiffs. However, the plaintiffs did not call Dr. Fisher as a witness, and the trial court consequently granted a defense motion for a missing witness charge with respect to the uncalled witness.

We discern no improvident exercise of discretion in the court's granting of the application for a missing witness charge, inasmuch as the damaging hearsay testimony was only permitted upon the plaintiffs' false representation that Dr. Fisher would be called as a witness, and the plaintiffs failed thereafter to demonstrate a legitimate basis for not calling the witness (see, Siegfried v Siegfried, 123 AD2d 621; see generally, People v Gonzalez, 68 NY2d 424). However, we agree with the plaintiffs' contention that reversal is necessary because the text of the missing witness instruction given by the court was unfairly prejudicial to them. Indeed, the trial court incorrectly instructed the jurors that they were required, rather than permitted, to draw the strongest inferences against the plaintiffs by reason of their failure to call Dr. Fisher (cf., PJI 1:75). Moreover, the court's supplemental missing witness instruction failed to correct this error. Accordingly, a new trial is granted. Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.