■ LEE-LU PAN, Respondent, v WILLIAM W. SHAW, Appellant, et al., Defendants. [611 NYS2d 158] —Order, Supreme Court, New York County (Norman Ryp, J.), entered June 8, 1992, which, inter alia, set aside the jury's verdict, in part, and granted plaintiff's motion to the extent of directing a new trial on the second cause of action alleging lack of informed consent, unanimously affirmed, without costs.

In light of the fact that defendant's medical expert would have provided relevant and noncumulative testimony at trial that was unfavorable to defendant, i.e., testimony concerning the permanency of plaintiff's scars resulting from the surgery and the fact that said expert would have informed a patient opting for this elective surgery, prior to accepting the patient's consent to the operative procedure, that such permanent scars were to be expected as a result of the surgery, a missing witness charge should have been given by the trial court with respect to said defense expert (see, Siegfried v Siegfried, 123 AD2d 621). We further note that plaintiff both timely alerted the court to the missing witness prior to the jury charge and specifically requested a missing witness charge. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.