■ ROSA L. DAVIS, Appellant, v GARY R. BRADFORD et al., Respondents. [642 NYS2d 48] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered February 1, 1995, which upon a jury verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

While we agree with the plaintiff that the defendants should have been precluded from eliciting expert testimony regarding the plaintiff's alleged nonuse of the lap seat belt in the car in which she was a passenger (*see, Siegfried v Siegfried,* 123 AD2d 621), admission of the testimony was harmless. Evidence pertaining to a plaintiff's nonuse of a seat belt goes to the issue of mitigation of damages (*see, DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236; *Curry v Moser,* 89 AD2d 1). If the defendant is unable to show that the seat belt would have prevented some of the plaintiff's injuries, the trial court should not submit the issue to the jury (*see, Spier v Barker,* 35 NY2d 444; *Dowling v Dowling,* 138 AD2d 345). At bar, the issue was not submitted to the jury. Nor was evidence of the plaintiff's use or nonuse of the lap seat belt relevant to the issue determined by the jury, i.e., whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102. Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.