■ RANNY SHPRITZMAN, Appellant, v CHARLES STRONG, Respondent. [670 NYS2d 50] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Posner, J.), dated December 18, 1996, which, upon a jury verdict finding him 40% at fault in the happening of the accident and the defendant 60% at fault in the happening of the accident, and a separate jury verdict awarding the plaintiff $110,000 for past pain and suffering and $15,000 for future pain and suffering, and deducting $15,000 based on the plaintiff's failure to wear a seat belt, was in favor of the plaintiff and against the defendant in the principal sum of only $66,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff's car was traveling westbound on Jewel Avenue at 60 to 70 miles per hour when it hit the front passenger side of the defendant's car, traveling eastbound, as it was turning left from Jewel Avenue to 138th Street. Upon impact, the plaintiff's face hit the steering wheel causing injuries to his left eye and nose and facial fractures.

Contrary to the plaintiff's claim, the court did not err in denying his motion for a directed verdict since it cannot be said that by no rational process could a trier of fact have found that the plaintiff had been negligent to some extent (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 498-499; *Filippone v All Is. Lease A Car*, 201 AD2d 433). Furthermore, the verdict was not against the weight of the evidence since the jury could have reached its verdict on some fair interpretation of the evidence (*see, Otero v Hyatt*, 235 AD2d 407).

The trial court did not commit error by permitting the defendant's lay witness to testify concerning the speed of the plaintiff's vehicle which he observed immediately before the accident. A lay witness is ordinarily permitted to testify as to the estimated speed of an automobile based upon the prevalence of automobiles in our society and the frequency with which most people view them at various speeds (*see, Swoboda v We Try Harder*, 128 AD2d 862; *Larsen v Vigliarolo Bros.*, 77 AD2d 562).

Furthermore, contrary to the plaintiff's claim, it was proper for the defendant to assert a seat belt defense at the damages phase of this bifurcated trial since a plaintiff's failure to use an available seat belt is generally to be considered in the mitigation of damages (*see, Roach v Szatko*, 244 AD2d 470; *Davis v Bradford*, 226 AD2d 670).

The jury's verdict as to the damages awarded to the plaintiff for his past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408; *Ashton v Bobruitsky*, 214 AD2d 630).

The plaintiff's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.