■ RYAN C. O'CONNOR, an Infant, by His Father and Natural Guardian, DENIS R. O'CONNOR, et al., Appellants, v MAHOPAC CENTRAL SCHOOL DISTRICT et al., Respondents, et al., Defendant. [692 NYS2d 76] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated November 12, 1997, as denied that branch of their motion which was for an immediate trial on the issue of damages against the defendants Mahopac Central School District and Jeannette D. P. Line, and granted the cross motion of those defendants for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was injured when the school bus in which he was riding was involved in an accident with a Jeep owned and operated by the defendant Joseph Cappucci. The accident occurred when Cappucci lost control of his vehicle on a wet roadway and skidded into an oncoming lane of traffic, colliding with the school bus. The plaintiffs subsequently commenced this action against the Mahopac Central School District (hereinafter the School District), bus driver Jeanette D. P. Line, and Cappucci. After conducting discovery, the plaintiffs moved, *inter alia,* for summary judgment against Cappucci, contending that his deposition testimony established that his negligence caused the collision. Although the plaintiffs conceded that the School District and Line were not responsible for the accident itself, they also moved for an immediate trial against those defendants on the ground that there were issues of fact as to whether they could be held liable for the infant plaintiff's failure to wear a seat belt. The School District and Line cross-moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the infant plaintiff's failure to wear a seat belt did not affect liability. The Supreme Court awarded the plaintiffs summary judgment against Cappucci, and dismissed the complaint insofar as asserted against the School District and Line.

On appeal, the plaintiffs contend that the Supreme Court erred in dismissing the complaint against the School District and Line because there are issues of fact as to whether the infant plaintiff's seat belt was accessible to him, and whether he was properly instructed on seat belt use. However, as the plaintiffs acknowledged in their motion papers, the failure to utilize an available seat belt is generally considered only on the issue of damages, and not on the issue of liability (*see, Spier v Barker,* 35 NY2d 444; *Roach v Szatko,* 244 AD2d 470; *Davis v Bradford,* 226 AD2d 670). Moreover, school districts and school bus drivers may not ordinarily be held liable for personal injuries solely because an injured passenger was not wearing a seat belt (*see,* Education Law § 3813 [4]). Thus, in the absence of any evidence that negligence on the part of the School District and Line contributed to the accident, the plaintiffs have failed to state a cognizable theory for recovery against them.

The plaintiffs' remaining contention is not properly before this Court (*see, Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133). O'Brien, J. P., Joy, Krausman and Luciano, JJ., concur.