■ JAMES W. KENNEDY, Respondent, v CITY OF YONKERS, Appellant. [694 NYS2d 715] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered March 10, 1998, as, upon the denial of its motion pursuant to CPLR 4401 made at the close of the evidence for judgment in its favor as a matter of law on the issue of liability, upon a jury verdict on the issue of liability finding it to be 60% at fault in the happening of the accident and the plaintiff to be 40% at fault, upon a jury verdict finding that the plaintiff sustained damages in the sums of $190,000 for past

pain and suffering and $4,500 for past medical expenses, and upon the denial of its motion to set aside the verdict as to damages for past pain and suffering as excessive, is in favor of the plaintiff and against it, awarding him damages for pain and suffering in the principal sum of $114,000 (60% of $190,000).

Ordered that the judgment is reversed insofar as appealed from, on the law, the facts, and as an exercise of discretion, with costs, the motion to set aside the verdict as to damages for past pain and suffering as excessive is granted, and a new trial is granted on the issue of damages for past pain and suffering only, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to past pain and suffering from the sum of $190,000 to the sum of $100,000, and to the entry of an amended judgment accordingly awarding damages for past pain and suffering in the sum of $60,000 (60% of $100,000); in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly declined to charge the jury regarding CPLR article 16 in light of the evidence that the plaintiff exercised due diligence in attempting to obtain jurisdiction over his assailant (see, CPLR 1601 [1]).

The Supreme Court also properly denied the defendant's motion for a judgment during trial as a matter of law. Based upon the evidence presented by the plaintiff at trial, a rational trier of the facts could have found that the defendant was negligent and that its negligence was a proximate cause of the plaintiff's injuries (see, Shpritzman v Strong, 248 AD2d 524).

The damages award for pain and suffering is excessive to the extent indicated because it deviates materially from what would be reasonable compensation under the circumstances of this case (see, CPLR 5501 [c]). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.