■ STEPHEN PATTI et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [745 NYS2d 558] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated May 1, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

This case involves a head-on collision between the plaintiff's automobile, which was traveling southbound on Coney Island Avenue in Brooklyn, and a bus owned by the defendant, New York City Transit Authority, which was facing northbound on Coney Island Avenue, waiting to make a left turn onto Avenue I. According to the bus driver's deposition testimony, the plaintiff's vehicle suddenly crossed over into the northbound left-turn lane, striking the bus head-on. The plaintiff had no recollection of how the accident occurred, claiming that he suffered from amnesia as a result of the injuries he sustained. However, during his deposition, the plaintiff testified that he was in the southbound lane immediately before the collision. The Supreme Court denied the defendant's motion for summary judgment because of the conflicting accounts of the circumstances immediately before the accident. We reverse.

The defendant made a prima facie showing of entitlement to judgment as a matter of law based upon the bus driver's unrefuted deposition testimony that the plaintiff's vehicle crossed over into the wrong direction of traffic (*see Browne v Castillo,* 288 AD2d 415; *Mehring v Cahill,* 271 AD2d 415). Since the plaintiff did not recall how the accident occurred, his deposition testimony was insufficient to refute the bus driver's account of the incident or to raise a triable issue of fact (*see Bentley v Moore,* 251 AD2d 612, 613; *Williams v Econ,* 221 AD2d 429). Accordingly, the Supreme Court should have granted the defendant's motion. Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.