■ NATALE FICARRA, Respondent-Appellant, v SECURITY MUTUAL INSURANCE Co. et al., Appellants-Respondents. [757 NYS2d 59] —In an action, inter alia, to recover damages for the negligent processing of an application for a homeowner's insurance policy, the defendant Security Mutual Insurance Company appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J., at trial; Blydenburgh, J., on judgment), dated January 15, 2002, as denied its motions for judgment as a matter of law, made at the close of the plaintiff's case, and to set aside that branch of a jury verdict finding it 10% at fault, the defendant XL Brokerage of Patchogue, Inc., appeals from so much of the same order as denied its motions for judgment as a matter of law, made at the close of the plaintiff's case, and to set aside that branch of the verdict finding it 40% at fault, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motions to dismiss certain affirmative defenses asserted by the defendant Security Mutual Insurance Company and to set aside that branch of the verdict finding Security Mutual Insurance Company only 10% at fault. Justice Friedmann has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is modified, on the law, by (1) deleting the first decretal paragraph provision thereof, and (2) deleting the provision thereof denying the motion of the defendant Security Mutual Insurance Company for judgment as a matter of law, and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs to the defendant Security Mutual Insurance Company, payable by the plaintiff, the complaint is dismissed insofar as asserted against Security Mutual Insurance Company, the action against the defendant XL Brokerage of Patchogue, Inc., is severed, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of the apportionment of fault.

The defendant Security Mutual Insurance Company (hereinafter Security) issued a homeowner's policy to the plaintiff. When the plaintiff made a claim for losses due to a fire, Security disclaimed coverage based on certain misrepresentations in the policy application. In the action at bar to recover under the policy for his losses, the plaintiff did not dispute that the application contained inaccurate information. However, he claimed that the defendant XL Brokerage of Patchogue, Inc. (hereinafter XL) filled out his policy application with inaccurate information after he executed a blank policy application form and orally provided XL with the correct information. The plaintiff proceeded on the theory that XL and Security were negligent in processing his application. Accordingly, the verdict sheet asked the jury to determine whether the plaintiff, XL, and Security were negligent and, if so, to apportion fault. The jury returned a verdict finding the plaintiff 50% at fault, XL 40% at fault, and Security 10% at fault.

The Supreme Court properly denied XL's motion for judgment as a matter of law at the close of the plaintiff's case, and its motion to set aside the verdict. Based on the plaintiff's testimony regarding the circumstances surrounding his application for the policy, it cannot be said that "there is simply no valid line of reasoning and permissible inferences" which could lead a rational jury to find that XL was negligent to some extent (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *see also Shpritzman v Strong,* 248 AD2d 524 [1998]). Furthermore, the verdict with respect to the liability of XL was not against the weight of the evidence since the jury could have reached its verdict on a fair interpretation of the evidence (*see Shpritzman v Strong, supra*; *Nicastro v Park,* 113 AD2d 129, 132-134 [1985]).

However, the Supreme Court erred in denying Security's motion for judgment as a matter of law at the close of the plaintiff's case. To establish a prima facie case of negligence, a plaintiff must demonstrate, among other things, a duty owed by the defendant to the plaintiff and a breach of such duty (*see Cronin v Middle Country Cent. School Dist.,* 267 AD2d 269 [1999]). The plaintiff failed to present sufficient evidence to establish a breach of a duty owed by Security to him in processing his policy application.

The plaintiff chose to try his case against Security on a theory of negligence. He consented to the submission of a verdict sheet which, insofar as it concerned Security, was limited to the issue of whether Security was negligent. Therefore, the plaintiff cannot argue on appeal that Security was liable as a

matter of law on an alternative breach of contract theory, and we need not address the parties' arguments regarding Security's affirmative defenses to a breach of contract claim (*see Najjar Indus. v City of New York,* 68 NY2d 943 [1986]; *see also Martin v City of Cohoes,* 37 NY2d 162 [1975]).

Accordingly, since the complaint insofar as asserted against Security should have been dismissed and the action against XL severed, the matter is remitted to the Supreme Court for a new trial on the issue of the apportionment of fault between the plaintiff and XL (*see Placakis v City of New York,* 289 AD2d 551 [2001]). Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.