■ ANTONIO MARTINEZ et al., Respondents, v ZACHARY F. NOVIN et al., Appellants. (And Other Titles.) [757 NYS2d 317] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Garson, J.), dated May 23, 2002, which granted

the plaintiffs' motion for summary judgment on the issue of liability and directed a trial on the issue of damages. Justice Krausman has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, without costs or disbursements.

The injured plaintiff, Antonio Martinez, was the occupant of a double-parked vehicle that was struck in the rear by a vehicle operated by the defendant Zachary F. Novin. The Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability and directed a trial on damages. We affirm.

Contrary to the defendants' contention, any issue of fact as to whether the injured plaintiff failed to use an available seat belt did not prevent the granting of the plaintiffs' motion for summary judgment on the issue of liability (*see* Vehicle and Traffic Law § 1229-c [3], [8]; *Spier v Barker* 35 NY2d 444 [1974]; *see also O'Connor v Mahopac Cent. School Dist.*, 259 AD2d 530 [1999]; *Roach v Szatko,* 244 AD2d 470 [1997]; *Davis v Bradford,* 226 AD2d 670 [1996]; *Siegfried v Siegfried,* 123 AD2d 621 [1986]; *Bongianni v Vlasovetz,* 101 AD2d 872 [1984]; *but see Premo v Lam,* 222 AD2d 872 [1995]). Whether the injured plaintiff failed to use an available seat belt, and whether any such failure resulted in an exacerbation of the injuries that he suffered, are among the issues that may be decided at the trial on the issue of damages (*see Spier v Barker, supra; see also Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206 [2001]; *O'Connor v Mahopac Cent. School Dist., supra; Roach v Szatko, supra; Davis v Bradford, supra; Stein v Penatello,*185 AD2d 976 [1992]; *DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 247 n 4 [1984]; *Curry v Moser,* 89 AD2d 1, 4-8 [1982]).

Similarly, the existence of triable issues of fact as to the merits of the third-party action for contribution (*see* CPLR 1401, 1403), including a possible issue of fact as to whether the third-party defendant's negligence in leaving her vehicle double-parked contributed to the accident (*see e.g. Mitchum v Friend,* 270 AD2d 841 [2000]; *Purcell v Axelsen,* 286 AD2d 379 [2001]; *Calafiura-Ehrlich v Spiros Sys.* 40, 259 AD2d 580 [1999]; *Callihan v Moore,* 188 AD2d 714 [1992]), did not preclude the granting of summary judgment on the issue of liability in favor of the plaintiffs and against the defendants in the main action. "The disposition of the primary action does not, of course, necessarily require either recovery upon, or dismissal of the third-party action * * * which may, of course, be prosecuted independently" (*Johnson v General Mut. Ins. Co.,*

26 AD2d 602, 603 [1966]; *see* CPLR 1010; *Metropolitan Sand & Gravel Corp. v Lipson,* 7 AD2d 916 [1959]; *Washington v Morantz,* 11 Misc 2d 273 [1958]; *Itoh v Kimi Sales,* 74 Misc 2d 402, 406 [1973]; *Lewis v Jim's Boat Yard,* 70 Misc 2d 425, 427 [1972]). Ritter, J.P., Feuerstein, Krausman and Luciano, JJ., concur.