■ Robert W. Pearsall et al., Appellants, v Thomas L. Saracco et al., Respondents. [759 NYS2d 886] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 29, 2002, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff Robert Pearsall allegedly was injured when a vehicle in which he was a passenger crossed into the opposite lane of traffic, precipitating a head-on collision with a bus. He and his father commenced this action against the defendants Jeffrey Saracco and Thomas Saracco, the driver and owner of the vehicle, respectively.

In opposition to the plaintiffs' prima facie demonstration of entitlement to judgment as matter of law on the issue of liability (*see* Vehicle and Traffic Law § 1120 [a]; *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135 [1966]; *Gadon v Oliva,* 294 AD2d 397 [2002]; *Patti v New York City Tr. Auth.,* 296 AD2d 484 [2002]), the defendants failed to raise a triable issue of fact (*see Posner v Hendler,* 302 AD2d 509 [2003]; *Martinez v Novin,* 303 AD2d 653 [2003]; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833 [1985]). Further, the defendants did not establish that facts essential to oppose the motion were within the exclusive knowledge of the plaintiffs (*see* CPLR 3212 [f]; *Halpern Dev. Venture v Board of Trustees of Vil. of N. Tarrytown,* 222 AD2d 652 [1995]). Thus, the plaintiffs' motion should have been granted. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.