**MANUEL FELICIANO, Respondent, et al., Plaintiff, v FORD MOTOR CREDIT COMPANY, Appellant, et al., Defendant.** [812 NYS2d 508]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered on or about December 7, 2004, which denied so much of defendant Ford Motor Credit Company's motion to set aside the jury verdict and dismiss the complaint for failure to prove causation, or to set aside the verdict as against the weight of the evidence and due to various rulings during the trial, which reduced the jury's pain and suffering verdict by only $90,000, and which limited Ford's indemnification cross claim against defendant Jones to $100,000, unanimously affirmed, without costs.

Contrary to Ford's contention, plaintiff proved the accident's causation of his injuries, and thus the trial court did not err in denying its motion to set aside the verdict as a matter of law. From plaintiff's testimony that upon being struck he twisted and "ma[d]e a lot of pressure to the bottom of the floor of the car," the jury could reasonably deduce that he incurred pressure to his left knee and ankle, which resulted in pain and swelling the next morning. This conclusion was further supported by plaintiff's orthopedic surgeon's testimony that, assuming plaintiff never previously experienced a problem with his left knee, the twisting movement he described at the time of the accident was consistent with his injury.

Insofar as Ford emphasizes plaintiff had undergone an x ray for his knee four months earlier and that the surgeon's opinion was based on the assumption that plaintiff had no prior knee injury, its argument goes to the weight and credibility, and not the admissibility, of the surgeon's testimony, and the facts on which he based his opinion were "fairly inferable from the evidence" (*Tarlowe v Metropolitan Ski Slopes*, 28 NY2d 410, 414 [1971]). Notably, defendants never asked the surgeon whether awareness of the prior x-ray report would have changed his opinion. Thus, defendants benefitted as much as possible from

their strategy and were not prejudiced (*see id.*; *Adamy v Ziri-akus*, 92 NY2d 396, 402 [1998]).

Moreover, admission of the x-ray report into evidence further negated any prejudice to defendants, since the jury would see that the x ray was "normal." Thus, there was a valid line of reasoning and permissible inferences which could lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Rivera v 4064 Realty Co.*, 17 AD3d 201, 202-203 [2005], *lv denied* 5 NY3d 713 [2005]).

Nor did the court err in denying Ford's motion to set aside the verdict as against the weight of the evidence. Both plaintiff's orthopedic surgeon and defendants' orthopedist agreed that a torn meniscus could result from twisting the knee, and that the pain and swelling might not surface immediately after the accident. Additionally, defendants' radiologist acknowledged that an arthroscopy could find an abnormality not revealed in an MRI. Accordingly, the jury could have reached its conclusion upon a fair interpretation of the evidence (*see id.* at 203; *Bernstein v Red Apple Supermarkets*, 227 AD2d 264, 265 [1996], *lv dismissed* 89 NY2d 961 [1997]).

Nor do the challenged court's rulings warrant a different conclusion. The record reflects that defendants were not prejudiced by the court's decision after summations that it would charge proximate cause to the jury. Similarly, since Ford does not take issue with the court's charge on proximate cause, and does not suggest that any aspect of the verdict sheet was confusing or would render the jury's verdict unintelligible, its reliance on *Herbert H. Post & Co. v Sidney Bitterman, Inc.* (219 AD3d 214, 223-224 [1996]) for the proposition that the lack of a question about proximate cause on the verdict sheet constituted prejudicial error is misplaced (*see Siagha v Salant-Jerome, Inc.*, 271 AD2d 274 [2000]).

We further find that the court properly exercised its discretion in prescreening Ford's summation and restricting Ford's counsel's commentary on admitted evidence (*see Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]), especially since counsel acquiesced to these rulings at trial. Likewise, there appears to have been little relevance in x rays taken two years before the accident or prejudice to defendants, rendering the court's refusal to admit them an appropriate exercise of discretion (*see id.*).

The court's reduction of the awards for pain and suffering from $460,000 to $370,000 does not constitute a material deviation from what is reasonable compensation under the circumstances (*see e.g. Calzado v New York City Tr. Auth.*, 304 AD2d

385 [2003]; *Schultz v Turner Constr. Co.*, 278 AD2d 76 [2000]; *Garcia v Queens Surface Corp.*, 271 AD2d 277 [2000]).

We have considered all of Ford's other claims and find them unavailing. Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Catterson, JJ.