■ DEBORAH ANNE SMITH, Respondent, v CLIFFORD C. VOHRER et al., Appellants, et al., Defendants. [880 NYS2d 16]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 9, 2008, which, after a jury trial, denied the motion pursuant to CPLR 4404 of defendants Clifford C. Vohrer and Lease Plan USA to set aside the verdict and enter judgment notwithstanding the verdict, or, in the alternative, to grant a new trial, and order, same court and Justice, entered April 10, 2008, which, after a jury trial, denied the motion, pursuant to CPLR 4404 of defendants Sotomayor and La Manada Auto Corp. to set aside the verdict, unanimously affirmed, without costs.

Plaintiff provided sufficient evidence from her treating surgeon, which included evidence that she suffered a torn meniscus as a result of the accident, to sustain a claim of serious injury under Insurance Law § 5102 (d) (*see Noriega v Sauerhaft*, 5 AD3d 121, 122 [2004]). Moreover, the surgeon's testimony that further treatment after the surgery was not necessary provided a sufficient explanation of the gap in treatment to send the case to the jury (*Pommells v Perez*, 4 NY3d 566, 574 [2005]). Given the evidence that other cars in the intersection had to make way for defendant, and that the car he hit was pushed a block in the direction defendant was traveling, the jury reasonably concluded that defendant's speeding through a crowded intersection was the main cause of the accident (*Gomez v 192 E. 151st St. Assoc., L.P.*, 26 AD3d 276 [2006]).

Plaintiff's single passing reference to letters from insurance companies, adduced by defendant's counsel, did not require a mistrial (*see Siegfried v Siegfried*, 123 AD2d 621, 622 [1986]). While it would have been preferable for plaintiff to disclose the report of the final examination by her surgeon (who testified at trial), in light of the other discovery defendant had, it was not necessary to preclude the testimony, nor was defendant deprived of meaningful cross-examination (*see Mendola v Richmond OB/GYN Assoc.*, 191 Misc 2d 699, 701 [2002]). Nor did the surgeon's passing reference to possible future surgery require a new trial, as it was not intentionally elicited, and, in context, was a reference to the future functional limitations of the injury (*see Shehata v Sushiden Am.*, 190 AD2d 620 [1993]).

Defendant was not prejudiced by the charge on aggravation of existing injury, despite the fact that it was not submitted at the charging conference. The issue of aggravation was in the bill of particulars, and was argued by defendant's own expert. Moreover, defendant failed to ask for supplemental summations (*see Afghani v City of New York*, 227 AD2d 305 [1996]).

The award of $435,000 for multiple tears of the meniscus did not deviate from reasonable compensation (*see Feliciano v Ford Motor Credit Co.*, 28 AD3d 221 [2006]). Nor did the jury have to find on the evidence submitted that had plaintiff worn a seat belt, her injury would have been mitigated (*see Berk v Schenck*, 122 AD2d 823, 825 [1986]). Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.