OPINION OF THE COURT
Per Curiam.
Order, dated November 19, 2007, affirmed, with $10 costs.
Defendants-appellants met their initial burden of establishing prima facie that plaintiff did not sustain a serious injury to his left knee or cervical spine {see Insurance Law § 5102 [d]), through the affirmations of medical experts who found plaintiff to have full range of motion and no residual disability (see Style v Joseph, 32 AD3d 212 [2006]). In opposition, plaintiff provided sufficient medical evidence, including evidence that he suffered a torn medial meniscus in his left knee requiring surgery and restrictions of motion in his cervical spine, to raise a triable issue as to whether he sustained a serious injury as a result of the motor vehicle accident (see Smith v Vohrer, 62 AD3d 528 [2009]; Nunez v Zhagui, 60 AD3d 559 [2009]).
With respect to the issue of causation, defendants relied heavily on a radiologist’s affirmation opining that a lateral meniscal tear in plaintiffs knee shown on an MRI film had “an appearance most commonly associated with degeneration rather than to an injury.” The radiologist’s affirmation, which did not address or mention the medial meniscal tear found and repaired during surgery, was insufficient to shift the burden to plaintiff on the question of whether his knee injury was caused by the accident. Similarly, the stated impression of defendants’ radiologist that plaintiff had “minimal age-appropriate degenerative change” in his cervical spine did not suffice, without more, to establish that plaintiffs cervical injury was unrelated to the accident. While the defense radiologist found no disc herniation, plaintiffs radiologist, reviewing the same MRI films, found “a posterior herniated nucleus pulporus at C5/C6 in the midline causing impingement of the ventral aspect of the cervical spine *74 cord.” The diagnosed cervical herniation and resulting persistent restrictions of motion were found by plaintiffs treating doctors to be causally related to the accident. On this record, and in view of the fact that the 24-year-old plaintiff, prior to the accident, had experienced no pain or restrictions of motion in his left knee or cervical spine, we find that plaintiff was not obliged to do more to overcome defendant’s summary judgment motion (see Pommells v Perez, 4 NY3d 566, 577-578 [2005]; Linton v Nawaz, 62 AD3d 434 [2009]).
McKeon, EJ., Schoenfeld and Heitler, JJ., concur.