# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1079**
**CA 11-00351**
PRESENT: SCUDDER, P.J., CENTRA, GREEN, AND GORSKI, JJ.

---

DUDLEY BENEDICT, CLAIMANT-APPELLANT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 107784.)

---

GALLO & IACOVANGELO, LLP, ROCHESTER (DAVID D. SPOTO OF COUNSEL), FOR CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JULIE M. SHERIDAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Jeremiah J. Moriarty, III, J.), entered June 17, 2010 in a personal injury action. The judgment dismissed the amended claim.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Claimant appeals from a judgment that, following a trial, dismissed his amended claim for damages arising from injuries he allegedly sustained when he fell on an ice patch in a parking lot of the State University of New York. Viewing the evidence in the light most favorable to sustain the judgment and giving due deference to the credibility determinations of the Court of Claims (*see generally Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170), we reject claimant's contention that the court erred in determining that defendant did not have constructive notice of the dangerous condition, i.e., the ice patch (*see Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444, 445; *cf. Gonzalez v American Oil Co.*, 42 AD3d 253, 255-256). We also reject claimant's contention that reversal is required based on the refusal of the court to draw a negative inference based on defendant's failure to call an engineering expert as a witness. The record does not contain the expert disclosure of the engineering expert that was purportedly reviewed by the court, and on the record before us we therefore are unable to review plaintiff's contention that a negative inference was warranted. In any event, we note that the determination whether to draw a negative inference is permissive rather than required (*see Kronenberg v Morris*, 174 AD2d 610, 611), and it cannot be said that the court's determination not to do so under the circumstances of this case constitutes reversible error (*see 318 E. 93*

*v Ward*, 276 AD2d 277, 278).

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court