Gbadehan v Williams (2022 NY Slip Op 04703)

Gbadehan v Williams

2022 NY Slip Op 04703

Decided on July 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 26, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 303338/16E Appeal No. 15921 Case No. 2021-01557 

[*1]Adedute Gbadehan, Plaintiff-Appellant,
v
Jazmin M. Williams, Defendant-Respondent, Ean Holdings LLC., et al., Defendants.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Merril S. Biscone of counsel), for respondent.

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 26, 2021, which denied plaintiff's motion to enforce a money judgment in his favor, entered September 29, 2020, upon a jury verdict, and granted defendant Jazmin Williams's motions to set aside the verdict and to vacate the judgment, unanimously modified, on the law, to deny Williams's motions, and the matter remanded for determination of the issues raised but not determined on the motion to set aside the verdict, and otherwise affirmed, without costs.
Plaintiff sustained injuries on May 25, 2016, when a livery cab in which he was a passenger collided with an SUV driven by defendant Williams. During direct examination by plaintiff's counsel and cross-examination by Williams's counsel, no objection was raised when Williams testified that she spoke to her "insurance company" immediately after the accident. On cross-examination, when Williams stated that she "might have asked [codefendant Agyemang] for his insurance information," Agyemang's counsel moved to strike. The court did not respond, and counsel made no further objection. On redirect examination, when plaintiff's counsel asked Williams what she had done with videos of the accident, Williams replied, "I thought I sent everything to Geico." The court granted Williams's motions to set aside the verdict and vacate the judgment on the ground that Williams's voluntary reference to her insurer prejudiced her.
As a threshold matter, the court providently exercised its discretion in finding Williams's motion to set aside the verdict timely.
On the merits, however, the motion should have been denied. Evidence that a defendant carries liability insurance is generally inadmissible due to its potential for prejudice, as a jury's awareness of insurance coverage might make it easier for it to render an adverse verdict against the defendant (Salm v Moses, 13 NY3d 816, 817-818 [2009]). A passing reference to insurance, however, does not necessarily warrant reversal (see Smith v Vohrer, 62 AD3d 528, 529 [1st Dept 2009]). Two of the insurance references at issue were elicited by defense counsel, from his own client, and counsel lodged no objection to the reference elicited by plaintiff's counsel. The record indicates no intention on plaintiff's part to prompt such information (see Kowalski v Loblaws, Inc., 61 AD2d 340, 343 [4th Dept 1978]). Under the circumstances, we do not find that the references to insurance required setting aside the jury verdict (see Siegfried v Siegfried, 123 AD2d 621, 622 [2d Dept 1986]).
We decline to consider the other arguments advanced by defendant in support of her motion to set aside the jury verdict, and remand to the motion court for consideration of those arguments in the first instance (see Mishkin v Mascolo, 187 AD3d 605, 606 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 26, 2022